WAKELY *v.* JOHNSON.

115   285
d142 ²402

1. MALICIOUS PROSECUTION—ADVICE OF COUNSEL.
    The complainant in a criminal prosecution cannot be held liable for malicious prosecution, where, before the commencement of the prosecution, he placed all the material facts in the possession of his own and the prosecuting attorney, and acted upon their advice.

2. SAME—PROBABLE CAUSE—NONAPPEARANCE OF PROSECUTOR.
    A dismissal of a criminal charge because of the nonappearance of the prosecuting attorney is not sufficient evidence of want of probable cause, in an action for malicious prosecution against the person making the charge.

3. CRIMINAL LAW — ACQUITTAL — DISMISSAL FOR DEFECTIVE COMPLAINT.
    A dismissal of a criminal prosecution because of a defective complaint is not an acquittal.

4. APPEAL — JUDGMENT — INSUFFICIENT EVIDENCE — DIRECTION OF
    VERDICT.

    A judgment in a civil case will not be reversed on the ground
    that there was no evidence to support the verdict, where
    no request was made for the direction of a verdict.

Error to Kent; Adsit, J. Submitted October 15, 1897.
Decided December 15, 1897.

Case by Hudson J. Wakely against Ernest W. Johnson for malicious prosecution. From a judgment for plaintiff, defendant brings error. Reversed.

Plaintiff recovered verdict and judgment in an action for malicious prosecution. He was arrested upon a criminal warrant issued under a complaint made by the defendant charging him with obtaining money by false pretenses. The undisputed facts appear to be that plaintiff, in January, 1894, borrowed of defendant $35, for which he gave his promissory note. In April following he applied to defendant to borrow more money, and represented that he was the owner of certain personal property, which he enumerated, and offered to secure defendant by a chattel mortgage upon it. Relying upon these representations, defendant loaned him $80 more, and took a chattel mortgage for $115. Subsequently plaintiff desired a further loan. Plaintiff again represented that he owned the property, and defendant insisted upon a written statement from his wife that she owned no interest in the property. A new mortgage was drawn, executed by plaintiff, with the indorsement upon it, purporting to be signed by his wife, in which she covenanted and agreed that she held no interest in the property. Plaintiff did not own the property, and his wife's signature was a forgery.

Defendant made a full statement of the facts to his own attorney, who advised him that the plaintiff was guilty of a crime, and to lay the matter before the prosecuting attorney. Defendant went to the office of the prosecuting attorney, and stated his case to the assistant

prosecuting attorney, who drew the complaint. The case was dismissed in the justice's court, by the direction of the prosecuting attorney, because of defects in the complaint. The defendant, his own attorney, and the prosecuting attorney testified that all the material representations and facts were stated by the defendant. The assistant prosecuting attorney alone was responsible for the defects in the complaint. He testified that he acted upon his own responsibility in commencing the prosecution. There was. no testimony whatever to contradict the statements of these witnesses.

*Frank G. Holmes,* for appellant.

*D. E. Corbitt,* for appellee.

GRANT, J. (*after stating the facts*). Under this record there is no evidence to sustain the verdict. The defendant had done all that the law required him to do by placing all the material facts in the possession of his own and the prosecuting attorney, and acting upon their advice. *Perry* v. *Sulier,* 92 Mich. 72; *White* v. *McQueen,* 96 Mich. 249. But his counsel did not request the court to direct a verdict, and therefore the judgment cannot, for that reason, be reversed. Certain prejudicial errors were, however, committed.

1. The court stated to the jury that the plaintiff had been acquitted of the criminal charge. There was no trial, and therefore no acquittal. A dismissal of the case for a defective complaint is not an acquittal. An acquittal is a deliverance from the charge of guilt.

2. It was error not to give the following request:

"The proofs in this case show that the defendant fully stated all the facts in this case to legal counsel before going to the prosecuting attorney. I charge you that an attorney of experience has a legal and moral right to advise whether certain facts will justify a criminal charge and arrest, and the person receiving such advice is justified in acting upon it if he fully and fairly states the facts to the attorney. The evidence in this case shows

that this criminal case was dismissed by the justice before whom it was pending on May 10th, the adjourned day. I charge you that a dismissal of this charge by the nonappearance of the prosecuting attorney is not sufficient evidence of want of probable cause."

Judgment reversed, and new trial ordered.

The other Justices concurred.