MORGAN & WRIGHT

*v.*

ELTON W. McCASLIN.

*Opinion filed December 22, 1904—Rehearing denied Feb. 8, 1905.*

APPEALS AND ERRORS—*when grounds urged for reversal present no question of law.* On appeal from an affirmance by the Appellate Court of a judgment in assumpsit, objections that the verdict is not sustained by the evidence, that the grounds urged in support of the judgment are inconsistent with appellee's theory in the trial court, and that there was no evidence of a contract for any definite period, present no question of law for the Supreme Court, where no instruction to take the case from the jury was asked, the submission to the jury being on instructions given for both parties.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

JOHN C. FARWELL, and GERALD G. BARRY, for appellant.

COLSON & JOHNSON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On April 2, 1902, appellee brought a suit in assumpsit against appellant in the superior court of Cook county to recover damages for the breach of a contract of employment, and also to recover a balance claimed to be due him for services rendered.

The declaration contained two special counts and the common counts. The first count alleges that in January, 1900, the defendant, being engaged in the manufacture of rubber goods, employed the plaintiff as superintendent of its factory at a salary of $5000 per year, which was duly paid for that year; that he continued in the same employment at the same salary for the following year, but received therefor only the sum of $3500. The second count alleges that he continued in the employment of defendant at the same salary

for the year 1902, but on January 18 of the year was discharged for the remainder of the year without cause and in violation of the contract. His demand is for $1500 balance of salary for the year 1901, together with $75 interest thereon, and also a balance of $4541.68, balance of salary for the year 1902, which he alleges he was unjustly deprived of, making a total of $6041.69. The plea was the general issue. Upon the trial before a jury judgment was rendered in favor of the plaintiff for $3013, which, on appeal to the Appellate Court for the First District, has been affirmed. This appeal is from the judgment of affirmance.

The jury found specially that the plaintiff and defendant made a contract in 1900 concerning the employment of the plaintiff for that year; that the evidence showed that the plaintiff held his services subject to the order of defendant from the time of his discharge by defendant until August 9, 1902; that it found from the evidence, under the instructions, a contract of employment between the parties covering the year 1902; that plaintiff, after his discharge, held himself in readiness to render services to the defendant during the year 1902, and was holding his services on August 9, 1902, subject to the orders of the defendant; that he could not by reasonable diligence have obtained other employment similar to that which he had with the defendant during the year 1901, between the time of his discharge and the time he actually entered the employment of other parties.

The grounds of reversal here urged are stated by counsel for appellant as follows: "(1) That the verdict is not supported by the evidence and is illogical; (2) the grounds urged in support of this verdict and judgment are inconsistent with the theory of the appellee on the trial in the court below; (3) there is no evidence tending to establish a contract of hiring for a year or for any definite period, and hence no evidence tending to establish a cause of action."

There was no instruction asked by the defendant to withdraw the case from the jury at the close of the evidence or at

any time, but it was submitted to the jury on instructions given both on behalf of plaintiff and defendant. Manifestly the grounds of reversal now urged raise no question of law, and by the express provisions of the statute cannot be assigned for error in this court in this class of cases. (Hurd's Stat. 1903, chap. 110, sec. 89, p. 1413.)

No objection is urged against the ruling of the trial court, either as to the admission or exclusion of evidence or the giving or refusing of instructions. We are not called upon in this state of the record, nor are we permitted by the statute, to follow counsel in their discussion of the case on the facts.

The judgment of the Appellate Court will accordingly be affirmed.