## BURNETT v. DURANT.

No. 2157.   Opinion Filed April 14, 1911.

(115 Pac. 273.)

**APPEAL AND ERROR—Review—Affirmance.** Where objections and exceptions are not made or saved to proceedings in the trial court and the appeal here appears to be without merit, the judgment rendered will be affirmed.

(Syllabus by the Court.)

*Error from District Court, Creek County; W. L. Barnum, Judge.*

Proceedings by Edith Durant, by Monday Durant, her next friend, against Bates B. Bennett, guardian of Edith Durant. From an order of removal defendant brings error. Affirmed.

*Hughes & Miller,* for plaintiff in error.
*Robertson, Kean & Bohannon,* for defendant in error.

DUNN, J. This case presents error from the district court of Creek county, and it is the second time that the controversy growing out of this proceeding has been brought to the attention of this court by the plaintiff in error. The other cause is entitled *Burnett v. Jackson,* and reported in 27 Okla. 275, 111 Pac. 194. Therein is set forth a statement of the proceedings sufficient to relieve us of any extended recital here. After the decision of that case the cause came on for hearing in the district court of that county, and that court found on the uncontroverted evidence adduced that Edith Durant since her birth had resided in the territory now embraced in Muskogee county, Okla., and during all of such time had been under the care and custody of her parents. Plaintiff in error stood upon a demurrer to the application for removal of guardianship from the county court of Creek county to the county court of Muskogee county, and from the decree rendered directing the county court of Creek county to carry in effect the judgment rendered by transmitting to the county court of

Muskogee county the original papers in this cause, together with certified copies of all orders and judgments, plaintiff in error has brought the case here for review.

A number of assignments of error are set forth in the brief of plaintiff in error, but it is difficult to find sufficient of merit therein upon which to predicate and write an opinion. The claim is first made that under the statute (section 1 of chapter 25, p. 37, Sess. Laws Okla. 1910), the transfer herein not having been made within 20 days after the application, the court had no jurisdiction to render any order directing the transfer, and that hence the same was void. The statute involved reads as follows:

"When it is made to appear that any probate matter pending in any court of this state which, by acts of Congress and the Constitution, was transferred from the courts of the territory of Oklahoma and the United States courts in the Indian Territory to the courts of this state, is not in the county where the venue of such suit, matter or proceeding would lie if arising after the admission of this state into the Union, the court where such suit, matter or proceeding is pending shall, upon the application of the guardian, executor or administrator, or any other person having a substantial interest therein, or upon his own motion, when a proper showing has been made for a removal, within twenty days after application is made therefor, make an order transferring such suit, matter or proceeding to the county where the venue would properly lie if such suit, matter or proceeding had arisen since the admission of this state into the Union, by transmitting to such county the original papers, together with certified copy of all orders and judgments, upon the payment of all accrued costs; provided, that where any minor is the owner of an estate situate in a county or in counties other than that of his domicile and a guardian or curator has heretofore been appointed for such minor or his estate in any such county other than that of the domicile of such minor, such suit, matter or proceedings shall be transferred in the manner and under the conditions herein provided, to the county of the domicile of such minor; and provided further, that such original papers, together with such certified copies of all orders and judgments, shall be filed in the court to which it is removed, and the same shall proceed as if ordinarily filed therein, without further service of notice."

If it is not plainly manifest that the limitation of 20 days set forth in the statute is merely directory and that a transfer on a proper application made after that time would not be void, and the contention made be thus refuted, the record discloses that while the application was originally filed in the court on the 3d day of June, 1910, on motion duly made, the court on the 20th day of June, 1910, gave leave to withdraw the application filed and to refile the same as of that date, and at the same time set the date of hearing thereon for the 25th day of June, 1910. No exception or objections were made to this order, and hence the order which was made on July 1, 1910, was within 20 days after the application was made, even were the statute given the force contended for by counsel.

The next contention is based on the same error, to wit, that the emergency provision of the act mentioned was void for the reason that the Legislature lacked the authority to pass the same; it being claimed by counsel that the determination of this question is one for the courts and not for the Legislature. If this point be conceded, still, as counsel admit in their brief that the act without the emergency would have become effective June 17, 1910, and as the application herein was not filed until after that date, this will eliminate from consideration this contention.

It is next contended that Monday Durant had no such interest as would authorize him to make the application for the removal proceedings. The statute under consideration provides that the court may upon his own motion when a proper showing has been made for a removal order the same. Furthermore, no objection whatever was made by plaintiff in error to the appearance of Monday Durant in the county court. He was there recognized as having authority to appear, a stipulation was entered into with him, and, when the cause reached the district court, that court specifically ordered that the petition for transfer of the cause be prosecuted for the benefit of said ward by her next friend, Monday Durant. This was sufficient to give him full power and right to prosecute this action even had it been lacking before. See section

5563, Comp. Laws Okla. 1909, and *Hill v. Reed,* 23 Okla. 616, 103 Pac. 855.

It is next objected because the district court rendered judgment against plaintiff in error for the costs created by this proceeding. This was within its discretion, and we see no error therein. Section 5468, Comp. Laws of Oklahoma 1909. On the occasion of the going down of the opinion in *Burnett v. Jackson,* above referred to, this court said:

"In order that the administration of the affairs of this estate shall be as little interfered with as possible, the appeal should receive early consideration at the hands of the district court, and, if for any reason the same cannot be sustained, there should be a prompt mandate to the county court to the end that it may proceed in accordance with the order made."

It may be that the plaintiff in error enjoys abstractly the legal right to prosecute against his ward these proceedings, which result in tying up and embarrassing the administration of her estate, but it is difficult for us, in the light of this and the previous record, to see any good faith in them or to discover any good purpose that is or can be served by the procedure adopted. It may be that the courts lack the power to prevent or better control proceedings of this character, but, if they do, there is presented a field for legislation which ought not to go unoccupied.

The judgment of the district court is affirmed, and the costs of this proceeding in this court are assessed against the plaintiff in error personally.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., concurs in conclusion.