Argued July 12, decided July 18, 1911.

## FASSETT v. BOSWELL.

[117 Pac. 302.]

NEW TRIAL—APPEAL AND ERROR—INSUFFICIENCY OF EVIDENCE—DISCRETION OF COURT.
1. A motion to set aside a verdict for insufficiency of evidence to sustain it is addressed to the sound discretion of the trial court, and its ruling cannot be assigned as error on appeal.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—INSUFFICIENCY OF EVIDENCE—MOTION FOR DIRECTED VERDICT.
2. In the absence of a motion for a directed verdict, the insufficiency of the evidence to sustain the verdict is not presented to the court on appeal.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MOTIONS—AFFIDAVIT.
3. A motion for new trial on the ground of newly discovered evidence, which is not based on an affidavit setting forth the facts as required by Sections 174, 177, L. O. L., is properly denied.

BILLS AND NOTES—CONSIDERATION—EVIDENCE.
4. Though under Section 5857, L. O. L., a negotiable instrument is deemed *prima facie* to be supported by a valuable consideration, want of consideration may be proved when questioned.

BILLS AND NOTES—DURESS—EVIDENCE—ADMISSIBILITY.
5. In an action on a note alleged to have been given as compensation for injuries to plaintiff's husband while at defendant's pleasure resort, evidence of the general habit of defendant in the use of intoxicating liquors, and particularly at the time of the injury to plaintiff's husband, was properly excluded; defendant not being present at the time of the injuries.

BILLS AND NOTES—DURESS—EVIDENCE—ADMISSIBILITY.
6. Evidence of the physical condition of plaintiff's husband subsequent to the execution of the note was immaterial.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by Emma E. Fassett against Mrs. E. E. Boswell on a promissory note for $200; the note

being in the usual form. As a defense to the action, defendant denies the execution of the note, and any indebtedness to plaintiff, and alleges that, by means of threats of injury to defendant's business and to her person, she was coerced into signing the note, and that the note was without any consideration, and was void. The circumstances surrounding the execution of the note were that defendant was the proprietor of Boswell's Springs, a pleasure resort, and plaintiff's husband went there shortly before the execution of the note to take a bath. While at the springs, he was badly beaten and bruised by defendant's cook, a Frenchman. As to who was to blame or how the trouble took place between Fassett and the cook does not appear. About 12 days thereafter plaintiff went to defendant's place and secured the note, as she says, for compensation for the loss of support of her husband and the expense of the trip there. Defendant contends that she signed the note under threats made by plaintiff that she would ruin her business, and that she would make it look like a barroom brawl; and said that if such a thing got out it would ruin her business. Defendant also contends that it was blackmail, and that she signed the note under coercion, without any consideration. The case was tried by the jury, and a verdict rendered for defendant, and from a judgment thereon plaintiff appeals.                AFFIRMED.

For appellant there was a brief over the names of *Mr. Henry F. Joslin* and *Mr. Commodore S. Jackson,* with an oral argument by *Mr. Jackson.*

For respondent there was a brief over the names of *Messrs. Coshow & Rice,* with an oral argument by *Mr. Oliver P. Coshow.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1, 2. The plaintiff moved for a new trial on the grounds (1) that the evidence was insufficient to justify the ver-

Sig. 10

dict, and (2) of newly discovered evidence. A motion to set aside a verdict for insufficiency of evidence to sustain it is addressed to the sound discretion of the trial court, and cannot be assigned as error on appeal. *State v. Foot You,* 24 Or. 60, 70 (32 Pac. 1031: 33 Pac. 537) ; *McCormick Machine Co.* v. *Hovey,* 36 Or. 259 (59 Pac. 189) ; *Houser* v. *West,* 39 Or. 292, 395 (65 Pac. 82) ; *Crossen* v. *Oliver,* 41 Or. 506 (69 Pac. 308). And as there was no motion for a directed verdict, the case is not before us on the insufficiency of evidence.

3. The motion for a new trial on the ground of newly discovered evidence is insufficient to present that question, as it does not comply with the statute. Such a motion must be based upon an affidavit setting forth the facts upon which it is based. Sections 174, 177, L. O. L.; *State* v. *Hill,* 39 Or. 90, 94 (65 Pac. 518). Therefore it was not error to deny the motion for the nonsuit.

Plaintiff also assigns as error that, although the court's instructions to the jury as a whole are correct, they are misleading to the jury. No exception was taken to any instruction, and none were requested by plaintiff, and we find no error in relation thereto. They are most favorable to plaintiff.

4. Plaintiff also excepts to the admission of evidence as to the want of consideration for the note, but under the statute (Section 5857, L. O. L.) every negotiable instrument is deemed *prima facie* to have been for a valuable consideration. However, want of consideration may be proved, if questioned.

5. The court excluded evidence offered by plaintiff as to the general habits of defendant in the use of intoxicating liquors, and particularly at the time of the injury to plaintiff's husband, and this was excepted to. But such evidence had no bearing upon the issues in the case, and was immaterial. Defendant was not present when the injuries were inflicted, and personally took no part in them.

6. Evidence as to the physical condition of plaintiff's husband subsequent to the execution of the note, is also immaterial; it having no bearing upon the question of duress or the consideration for the note.

We have considered the other assignments of error, and find that they are without merit.

The judgment of the lower court is affirmed.

                                    Affirmed.