## MUSKOGEE ELECTRIC TRACTION CO. v. REED.

No. 1973.   Opinion Filed January 28, 1913.

(130 Pac. 157.)

1. **APPEAL AND ERROR—New Trial—Presenting Questions in Trial Court—Motion for New Trial—Discretion of Court.** Errors alleged to have occurred at the trial in the lower court, unless the same are excepted to and thereafter assigned in the motion for a new trial and made a part of the record by means of case-made or bill of exceptions, will not be considered on review in this court.

   (a)   When no exceptions are saved to alleged errors occurring during the trial, though assigned in the motion for a new trial as grounds therefor, said motion is merely addressed to the discretion of the trial court.

2. **SAME — Questions of Fact.** Where the plaintiff permits issues joined to be submitted to the jury upon the evidence without objection and exception, the verdict on review in this court is conclusive, so far as such evidence is concerned, except as to ''excessive damages, appearing to have been given under the influence of passion and prejudice.''

3. **DAMAGES—Elements of Compensation—Personal Injuries.** In an action to recover damages for injury to the person, the plaintiff is entitled to recover the expenses of the cure, or reasonably attempted cure, the reasonable probable cost of the future treatment or nursing, when the injury is permanent or irremediable, and the loss of time up to the verdict, and reasonable probable future loss from incapacity to do as profitable labor as before, and pain and suffering proximately caused by the injury.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by Barbara Reed against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*N. A. Gibson* and *H. C. Thurman,* for plaintiff in error.

*Hutchings & German,* for defendant in error.

WILLIAMS, J. This proceeding in error is to review the judgment of the trial court, wherein the defendant in error, as plaintiff, sued the plaintiff in error, as defendant, to recover the sum of $5,000 for damages on account of personal injuries alleged to have been occasioned by the negligence of the defendant. The parties hereto will be herein referred to in the order in which they appeared in the trial court. On March 14, 1908, the plaintiff, accompanied by her daughter, Lucile Pagett, who carried her baby in her arms, approached a west-bound electric street car of the defendant on Broadway in the city of Muskogee. Said car stopped east of the east line of Third street; the front end being about on a line with the sidewalk on the east side of Third street. The pavement on Third street was 30 feet wide, and the car 27 feet long. The plaintiff boarded the rear platform of said car, and, some time after she had both feet on the platform, the car was started. After it had proceeded in a westerly direction across an intersecting track running north and south in the center of Third street, the plaintiff fell from the car, striking the pavement on her feet, which turned under her, causing the injuries for which a recovery herein is sought. She fell facing in a southerly direction, with her

head toward the west and her feet toward the east. Just before falling she was not holding to anything, and was unable to catch to anything whilst falling. At that time the car was moving very slowly, and proceeded not more than four or five feet from such place. As to the foregoing facts there was no conflict in the evidence. On the part of the plaintiff the evidence tended to show that when she fell from the car she was reaching for the baby in the arms of her daughter, who was standing on the pavement, for the purpose of taking it on the car. Neither the sufficiency of the evidence to warrant a recovery in favor of the plaintiff being challenged by demurrer thereto nor motion for a directed verdict, the cause was submitted to the jury under instructions, about which no complaint is made in this court.

After a verdict in the sum of $5,000 was returned duly signed by nine of the jurors in favor of the plaintiff, a motion for new trial was filed in due time, assigning the following reasons why the same should be granted: (1) Verdict contrary to the law; (2) contrary to the evidence; (3) excessive; (4) due to prejudice and passion of the jury against the defendant; (5) not by a lawful jury. The only grounds presented in the brief are that: (1) The verdict is not supported by sufficient evidence; and (2) the same is excessive.

It is well settled in this jurisdiction that errors occurring at the trial, not excepted to, will not be reviewed on appeal. *Saxon v. White,* 21 Okla. 194, 95 Pac. 783; *Capital Fire Ins. Co. v. Carroll et al.,* 26 Okla. 286, 109 Pac. 535; *Burnett v. Durant,* 28 Okla. 552, 115 Pac. 273. A motion for a new trial is intended for the purpose of bringing to the notice of the trial court errors and exceptions saved during the trial. When no exceptions are saved during the trial such motion presents nothing relative thereto for review in the appellate court; it being addressed merely to the discretion of the trial court.

In *Schwinger v. Raymond,* 105 N. Y. 648, 11 N. E. 952, it is said:

"The court below had the power to set aside the verdict as contrary to the evidence without any exception, but in this court we can consider no objection which is not based upon some exception taken at the trial, and the appeal to this court from the

order denying defendants' motion for a new trial brings here only questions of law based upon exceptions taken at the trial. Therefore, however unjust this verdict may be upon the facts appearing in the case, we are powerless on that account to give the defendant any relief."

See, also, to the same effect *Meyers v. Cohn*, 4 Misc. Rep. 185, 23 N. Y. Supp. 996.

The plaintiff having elected to submit the issues to the jury upon the evidence without objection and exception, the verdict is conclusive in this court, except upon the ground that it is excessive and due to prejudice and passion. *Morgan & Wright v. McCaslin*, 213 Ill. 358, 72 N. E. 1066; *Railway Co. v. Shaw*, 220 Ill. 532, 77 N. E. 139; *Stansifer v. Moser*, 42 S. W. 843, 19 Ky. Law Rep. 1022; *Wakely v. Johnson*, 115 Mich. 285, 73 N. W. 238; *Barrett v. Railway Co.*, 45 N. Y. 628; *Eckensberger v. Amend*, 10 Misc. Rep. 145, 30 N. Y. Supp. 915; *Paige v. Chedsey*, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; *Nunn v. Bird*, 36 Ore. 515, 59 Pac. 808; *Frassett v. Boswell*, 59 Ore. 288, 117 Pac. 302.

The evidence shows that as a result of the injury sustained the plaintiff's right thigh was broken, being confined to her bed for eight and one-half weeks. Her hospital and doctor's bill amounted to $304. The injury was a source of much pain and suffering. At the time of the trial she was walking on crutches, and complained of a great deal of pain, being unable to bear her weight on the fractured limb. One limb had become shorter than the other. The question of her ultimate recovery was problematical. Prior to the injury she had kept house, doing all of her work. Her two boys and married daughter lived with her.

"Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money which is called damages." (Comp. Laws 1909, sec. 2881.)

"Detriment is a loss or harm suffered in person or property." (Section 2882, *Id.*)

"Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof, or certain to result in the future." (Section 2883, *Id.*)

For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by said chapter, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not. These statutes seem to be substantially declaratory of the common law.

In *Choctaw, O. & G. R. Co. v. Burgess et al.*, 21 Okla. 653, 97 Pac. 271, an action arising under the laws in force in the Indian Territory, in which jurisdiction the common-law rule as to the measure of damages obtained, it was held that in an action to recover damages for injury to the person, the plaintiff is entitled to recover the expense of the cure, or reasonably attempted cure, the probable costs of the future treatment or nursing, when the injury is permanent or irremediable, and the loss of time up to the verdict, and probable future loss from incapacity to do as profitable labor as before, and pain and suffering proximately caused by the injury. In the same case it was further held:

"Appellate courts should sparingly exercise the power of granting new trials on the ground of excessive damages, and only when it appears that the verdict is so excessive as *per se* to indicate passion or prejudice."

In *Independent Cotton Oil Co. v. Beacham*, 31 Okla. 384, 120 Pac. 969, it is said:

"Compensatory damages is all the plaintiff is entitled to, and $25,000, the amount of the verdict, to our mind, is clearly in excess of any sum that could properly be based solely upon the idea of compensation. The record is unusually free from errors, and there is nothing to indicate prejudice or passion on the part of the jury, except the size of the verdict, but we would be justified in inferring that there was prejudice and passion from the magnitude of the verdict. * * * It may be, however, that the jury was prejudicially influenced against the defendant by being permitted to take with them to the jury room for their consideration the second amended petition, answer, and reply, on which the case was tried. This often has been held to be error. * * * The pleadings, and particularly the petition, always set out the details of the injury with a harrowing particularity which is seldom entirely supported by the evidence, and the jury may unconsciously have been misled by the statements contained in the pleadings, instead of confining their deliberations to the evi-

dence, as was their duty. With a verdict that satisfied the judgment of the court, and a record otherwise free from error, we would be loath to set aside the verdict upon the last ground, and will not do so if the plaintiff within fifteen days after the mandate is handed down files a *remittitur* for all in excess of $10,000."

In that case the plaintiff was about twenty years of age, by occupation a common laborer, and with an earning capacity of $1.50 per day. If we were to conclude that the jury rendered an excessive verdict, in view of this authority, we would not reverse and remand the case, but order a *remittitur,* in which event, if the same was made, the case would be affirmed; but it is not clear to our minds that the jury was not justified in returning this verdict in the sum stated.

It follows that the judgment of the lower court must be affirmed.

HAYES, C. J., and KANE and TURNER, JJ., concur; DUNN, J., absent, and not participating.