## REED v. SCOTT.

No. 4992. Opinion Filed July 20, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 484.)

1. **APPEAL AND ERROR—Review—Sufficiency of Evidence.** In the absence of a motion for a directed verdict, the insufficiency of the evidence to sustain the verdict is not presented to this court on appeal. **Muskogee Electric Traction Co. v. Reed,** 35 Okla. 334. 130 Pac. 157.

2. **SAME.** If there is any evidence, including every reasonable inference the jury could have drawn from the same, reasonably tending to support the verdict, this court will not reverse a case for insufficient evidence.

3. **EVIDENCE—Weight—Circumstantial Evidence.** A jury may, if they so decide. accept circumstantial evidence upon one side, and reject positive testimony presented on the same point by the other side.

(Syllabus by Mathews, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Mary Scott against R. E. Reed for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

*Chas. F. Runyan* and *J. Fentress Wisdom,* for plaintiff in error.

*Bert G. Wood* and *O. T. Gilbertson* for defendant in error.

Opinion by MATHEWS, C. Action by Mary Scott against R. E. Reed. Judgment for plaintiff, and defendant brings error.

This is an action to recover damages for a personal injury, alleged to have been occasioned by the employees

of defendant, who were working on the front of a certain building in the city of Muskogee, dropping a piece of iron, which struck plaintiff on the hand, causing certain injuries, for which she seeks to recover damages. Defendant answered by general denial. The parties hereto will be designated as in the court below.

The only assignment of error presented by the defendant is stated by him as follows:

"The question presented to the court upon this appeal is a simple one; it being the contention of plaintiff in error that the plaintiff below failed to prove her case, and that therefore the judgment should be reversed and a new trial granted."

An inspection of the record shows that no demurrer was presented to the testimony of plaintiff, and no motion was made by defendant for an instructed verdict at the close of the testimony. The sufficiency of the evidence to support a verdict for plaintiff was not challenged in any way until the motion for a new trial was filed. This case comes within the rule laid down in *Muskogee Electric Traction Co. v. Reed*, 35 Okla. 334, 130 Pac. 157, in which case we find the following:

"Where the plaintiff permits issues joined to be submitted to the jury upon the evidence without objection and exception, the verdict on review in this court is conclusive, so far as such evidence is concerned, except as to 'excessive damages, appearing to have been given under the influence of passion and prejudice.'"

The rule appearing in that case is based upon the proposition that a motion for a new trial is for the purpose of bringing again to the notice of the court rulings of the court during the trial which were properly excepted to at the time. If the defendant did not, in some way,

challenge the sufficiency of the evidence to support a verdict for plaintiff during the trial, and permitted the case to go to the jury unchallenged, then nothing was saved to present to this court. It appears that this court has never passed upon this point, except in the above-cited case; but an examination of the authorities from other states finds the same well supported. In *Fassett v. Boswell*, 59 Or. 288, 117 Pac. 302, is the following:

"In the absence of a motion for a directed verdict, the insufficiency of the evidence to sustain the verdict is not presented to the court on appeal."

From *Wakely v. Johnson*, 115 Mich. 285, 73 N. W. 238, we take the following:

"Although there was no evidence to sustain a verdict for plaintiff, a reversal cannot be had therefor, when defendant's counsel did not request the court to direct a verdict."

To the same effect is *Stansifer v. Moser* (Ky.) 42 S. W. 843:

"A verdict will not be disturbed for the error, if any, in submitting the cause to a jury; no objection being made to the submission."

Following these decisions, we hold that the point which defendant asks the court to review has not been properly saved. However, we have carefully read the entire evidence, and are not prepared to say that the verdict of the jury is not supported by sufficient evidence. This case, like many others, presents a sharp and unexplainable conflict. It was impossible for the jury to have reconciled the testimony, and in arriving at their verdict they must have accepted the evidence of plaintiff and rejected that of defendant's witnesses on the main point in

issue. It is true that two parties, who were working for defendant on the front of the building, where plaintiff claimed to have been injured by the dropping of a piece of iron from above, each gave positive tetimony that but one piece of iron was dropped by them, and that they saw it fall, and that it did not strike plaintiff; and plaintiff did not meet this with positive testimony, but detailed circumstances only from which it could be inferred that the iron was dropped by defendant's employees and struck her on the hand as she was passing on the sidewalk. If the jury believed the testimony detailed by her, and they seemed to have done so, then no other reasonable inference could have been drawn but that the two employees of defendant, who were working on the side of the house some distance above the sidewalk, dropped the piece of iron which hit plaintiff on the hand, and that no one else but them could have dropped it, or caused it to fall, because no one else was there except these two employees. It is true that evidence upon the part of the defendant shows that some carpenters, not in the employ of defendant, were working on the inside of the second story of the building; but there was not the least hint in the evidence that these parties inside of the building were in any manner connected with the falling of the piece of iron which struck plaintiff, or responsible therefor.

The rule in cases such as is here presented is that this court will not reverse a case for want of evidence, if there is any evidence, including every reasonable inference the jury could have drawn from the same, reasonably tending to support the verdict. We will not weigh evidence here to see on which side the same preponderates, but only look to see if there is sufficient evi-

dence on the part of the prevailing side to support the verdict, accepting the same to be true, if the verdict of the jury imports that the jury found the same to be true.

For the reasons given, the judgment should be affirmed.

By the Court: It is so ordered. ·