## SIMPSON v. MAULDIN.

No. 7283—Opinion Filed Oct. 10, 1916.

(160 Pac. 481.)

1. **Appeal and Error—Presenting Question in Trial Court—Sufficiency of Evidence.**

In the absence of demurrer to the evidence or motion for directed verdict, the insufficiency of the evidence to sustain the verdict is not presented to this court on appeal.

2. **Same.**

An exception taken to the instructions given by the court does not challenge the sufficiency of the evidence, but only the correctness of the law laid down in such instructions.

3. **Replevin—Trial—Instructions — Requests —Instructions Already Given.**

Instructions examined, and held to be properly given, and the instructions requested properly refused.

(Syllabus by Rummons, C.)

Error from County Court, Hughes County; J. Ross Bailey, Judge.

Action by B. J. Simpson against Denton Mauldin. Judgment for defendant, and plaintiff brings error. Affirmed.

Arnote & Anderson, for plaintiff in error.

W. T. Anglin, for defendant in error.

Opinion by RUMMONS, C. This is an action in replevin for the possession of one black sow with white feet and nose, about three years old, branded "7" on left shoulder, marked underbit and split in each ear, alleged to be of the value of $25. The cause was tried on appeal from the court of a justice of the peace, in the county court of Hughes county, resulting in a verdict for the defendant in error. The plaintiff in error, having unsuccessfully filed a motion for a new trial, prosecutes this proceeding in error. to reverse the judgment of the court below. The parties will be hereinafter designated as they appeared in the court below.

The first assignment of error argued in the brief of plaintiff is that the verdict and judgment are not sustained by the evidence and are contrary to law. The plaintiff neither demurred to the evidence of defendant nor moved the court to direct a verdict in his favor. Upon the authority of Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157, and Reed v. Scott, 50 Okla. 757, 151 Pac. 484, in the absence of demurrer to the evidence, or motion for directed verdict. this assignment presents nothing to this court for review.

It is, however, contended by plaintiff, that inasmuch as he excepted to two of the instructions given by the court, submitting the issues to the jury, such exceptions were sufficient to challenge the attention of the trial court to the insufficiency of the evidence of the defendants. This position is not well taken, for the reason that exception to the giving of an instruction only challenges the attention of the trial court to the correctness of the law laid down in such instruction. We therefore conclude that this assignment of error was not well taken.

Plaintiff's third, fourth, and fifth assignments of error, which are the second, third, and fourth assignments argued in the brief, complain of the giving of two instructions by the court, and of the refusal to give instructions requested by plaintiff. These assignments may be considered together. The instructions, of the giving and refusal of which is complained, are as follows:

No. 2. "Gentlemen of the jury, as to the law in this case you are instructed that the plaintiff must recover on the strength of his own title, and that in case you find he was the owner of one black sow with white feet and nose, branded '7' on left shoulder, and about three years old, marked underbit and split in each ear and crop off each ear, then you will find for the plaintiff in the sum $25, or such other amount as you may find that said sow was worth less than $25.

"If, on the contrary, you believe that Denton Mauldin, in pursuance of instructions from one T. W. Bell, found the sow with white feet and nose, branded '7' on left shoulder and about three years old, marked underbit and split in each ear and crop off each ear, and that said sow was the property of Mr. Bell, then you will find for the defendant.'

No. 3. "You are further instructed, gentlemen of the jury, that one black sow with white feet and nose, branded '7' on the left shoulder, about three years old, marked underbit and split in each ear and crop off each ear, may have been the property of either Mr. Simpson or Mr. Bell. However, if you find that Mr. Simpson purchased the sow herein from one Mr. Smith and placed his brand on the left shoulder, then you will find for the plaintiff. However, if you find that the brand '7' was placed on the left shoulder when said animal was in truth and in fact the property of Mr. Bell, then you will find for the defendant.

"That the matter in controversy in this suit is the ownership of this sow in controversy, and that it is for the jury to determine from all the facts and circumstances in the evidence who is the owner of the sow, and if they find from a fair preponderance of the evidence that the sow is the property of Mr. Simpson, their verdict should be for him. If they do not find he is the owner of the sow, then their verdict should be for the defendant."

("By the court refused on the ground that it is covered by instructions. Plaintiff excepts. Exceptions allowed. J. Ross Bailey, County Judge.")

The first two instructions given by the court, are, perhaps, not very aptly drawn, but they state correctly the issues to be determined by the jury, and more favorably to the plaintiff than he was entitled, since in this action plaintiff's right to recovery rested on the ownership of the animal in question, and unless plaintiff was the owner thereof, he was not entitled to recover, regardless of whether the defendant Bell owned the animal in question or not. The only complaint of these instructions made by plaintiff is that they confine the jury too strictly to the description of the sow, contained in the bill of particulars and affidavit in replevin of plaintiff. It seems from the evidence that, while the sow in controversy is alleged to be three years old, she had escaped the vicissitudes of porcine life for even a longer period, and up to the time of the starting of this suit had arrived at the age of five years. We think, however, that no prejudice resulted to the plaintiff from these instructions, since both parties at the trial rested the contest upon their ownership of the animal in question, which seems from the record to have been submitted to the examination of the jury, and no question was made or was raised by the defendant as to her age. We therefore conclude that the court committed no prejudicial error in giving the two instructions complained of. The last instruction above quoted, requested by the plaintiff, merely stated the issues theretofore presented to the jury by instructions of the court in another form; and it is well settled that where the court has by its own instructions fully covered the ground covered by instruction requested, it is not error to refuse such instruction.

We find no reversible error in this record, and the judgment of the court should therefore be affirmed.

By the Court: It is so ordered.