## DEVONIAN OIL CO. v. TOLLIVER.

No. 7863—Opinion Filed Jan. 1, 1917.

Rehearing Denied Jan. 16, 1917.

(162 Pac. 701.)

### Appeal and Error — Review—Sufficiency of Evidence.

Where a demurrer is not interposed to the evidence, or a directed verdict requested, the insufficiency of the evidence to sustain the verdict cannot be reviewed by this court.

(Syllabus by Collier, C.)

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by T. F. Tolliver against the Devonian Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Belford & Hiatt and Randolph, Haver & Shirk, for plaintiff in error.

H. S. Samples, for defendant in error.

Opinion by COLLIER, C. This proceeding in error is to review the judgment of the trial court wherein the defendant in error, as plaintiff, sued the plaintiff in error, as defendant, to recover $150 for damages on account of plaintiff in error having negligently permitted salt water, oil, etc., to flow from its oil tank over the adjacent land of the defendant in error, and to flow upon his lands and into his water tank, or pond, from which some of the stock of defendant in error drank, and by drinking said polluted water were injured. Hereinafter the parties will be designated as they were in the trial court. The case was tried to a jury and resulted in a verdict for the plaintiff in the sum of $90. The sufficiency of the evidence was not challenged by demurrer thereto or by a request for a directed verdict. Timely motion for a new trial was made, overruled and excepted to, and judgment entered in accord with the verdict.

The assignment of errors is as follows:

"(1) Error in the assessment of the amount of the recovery. (2) That the verdict is not sustained by sufficient evidence and is contrary to law. (3) Error of law occurring at the trial, and excepted to by the defendant. (4) Error of the court in overruling motion of defendant for judgment on the special findings, notwithstanding the verdict."

Inasmuch as the sufficiency of the evidence was not challenged by demurrer thereto, or by request for a directed verdict, it is unnecessary to set out the evidence; for, regardless of how insufficient the evidence may be to support the verdict rendered, this court is unable to give the defendant relief, there being no assignment, or contention, that the verdict rendered was excessive and due to prejudice and passion.

The material assignment of error argued in the brief of defendant is that the verdict and judgment are not sustained by the evidence; but, having failed to interpose a demurrer to the evidence of plaintiff or to move the court to direct a verdict in its favor, this assignment presents nothing to this court for review.

"In the absence of demurrer to the evidence or motion for directed verdict, the insufficiency of the evidence to sustain the verdict is not presented to this court on appeal." Simpson v. Mauldin, 61 Oklahoma, 160 Pac. 481; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484.

In the body of the opinion of Muskogee Electric Traction Co. v. Reed, supra, Mr. Justice Williams, speaking for the court, says:

"The plaintiff having elected to submit the issues to the jury upon the evidence without objection and exception, the verdict is conclusive in this court, except upon the ground that it is excessive and due to prejudice and passion. Morgan and Wright v. McCaslin, 213 Ill. 358, 72 N. E. 1066; Railway Co. v. Shaw, 220 Ill. 532, 77 N. E. 139; Stansifer v. Moser, 42 S. W. 843, 19 Ky. Law Rep. 1022; Wakely v. Johnson, 115 Mich. 285, 73 N. W. 238; Barrett v. Railway Co., 45 N. Y. 628; Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915; Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Nunn v. Bird, 36 Or. 515, 59 Pac. 808; Fassett v. Boswell, 59 Or. 288, 117 Pac 302."

"Where the plaintiff permits issues joined to be submitted to the jury upon the evidence without objection and exception, the verdict on review in this court is conclusive, so far as such evidence is concerned, except as to 'excessive damages, appearing to have been given under the influence of passion and prejudice.' "

In Stansifer v. Moser, 19 Ky. Law Rep. 1022, 42 S. W. 843, it is said:

"A verdict will not be disturbed for the error, if any, in submitting the cause to a jury; no objection being made to the submission."

Under the record in this case, the only matter that we could review would be the judgment roll, and as to this no errors are assigned or argued.

This cause is affirmed.

By the court. It is so ordered.