## VAN ARSDALE & OSBORNE BROKERAGE CO. v. HART.

No. 7924—Opinion Filed Jan. 2, 1917.

(162 Pac. 461.)

1. **Appeal and Error — Presentation of Grounds of Review in Court Below— Necessity.**
When neither the record nor case-made show exceptions to alleged errors of the trial court, the same cannot be considered in this court.

2. **Same—Errors—Consideration.**
This court will not search the record to find alleged irregularities of the court, jury, or prevailing party; and, unless the party complaining calls this court's special attention to such irregularities, the same cannot be considered.

3. **Same.**
In the absence of demurrer or motion for directed verdict, the sufficiency of the evidence to sustain the verdict of the jury in an action at law cannot be presented to this court on appeal, and this court is concluded by the verdict of the jury, unless other prejudicial error, to which exceptions were duly saved, appears in the case-made or record, or unless it appears that the jury awarded "excessive damages appearing to have been given under the influence of passion and prejudice."

(Syllabus by Stewart, C.)

Error from County Court, Grady County; R. E. Davenport, Judge.

Action by the Van Arsdale & Osborne Brokerage Company against J. L. Hart. There was a judgment for defendant, and plaintiff brings error. Affirmed.

E. L. Foulke, C. A. Matson, J. D. Wall, and Thomas B. Losey, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

Opinion by STEWART, C. On the 16th day of August, 1913, the plaintiff in error, plaintiff below, filed its bill of particulars in the justice court alleging in substance that the defendant in error, defendant below, was indebted to the plaintiff on a promissory note of date June 4, 1908, and due October 15, 1908; the note showing on its face to be given as premium for policy of hail insurance on the crop of the defendant. Judgment was rendered in the justice court in favor of plaintiff and against the defendant. The defendant duly perfected an appeal to the county court of Grady county, Okla. In the county court the defendant filed answer admitting the execution of the note, but denying that any sum was due from defendant to plaintiff on said note, and further alleging that said note was executed and delivered to the plaintiff, Van Arsdale & Osborne Brokerage Company, in the payment of certain premium on insurance policy taken in pursuance of an application for insurance; that the sole consideration for the execution and delivery of said note was to be the execution and delivery to defendant of the policy of insurance on crop of defendant; that no consideration whatever passed for the execution and delivery of said note, in that the plaintiff wholly failed to execute and deliver to the defendant a policy of insurance in pursuance of said application, and wholly failed to carry out the conditions and requirements set out and contained in the application for insurance. The cause was duly submitted to a jury, and a verdict was rendered in favor of the defendant. Motion for a new trial, being duly filed, was overruled by the court, and judgment rendered for defendant, to which action of the court the plaintiff excepted and brings error to this court.

The defendant in error has filed motion in this court to dismiss the appeal in this case. After considering said motion, the court finds that the same should be overruled, and the same is, accordingly, overruled.

The only error assigned reads as follows:

# 120      62 OKLAHOMA REPORTS

"That there was error in the trial of the court below in this. to wit: That the court committed error in the admission of testimony; that the court committed error in excluding testimony offered by the plaintiff; that the court gave erroneous instructions to the jury over the objections and exceptions of the plaintiff; that the court refused to give instructions requested by the plaintiff, which were proper and should have been given; that the court committed error in overruling plaintiff's motion for a new trial."

The assignments of error as to the admission and the excluding of testimony do not set forth the testimony admitted or excluded, about which the plaintiff complains; but we have examined the testimony and find no prejudicial error in this respect.

On examination of the case-made, we do not find that exceptions were reserved to the giving or the refusing of any instruction by the trial court, and, so far as the record shows, the only instruction requested by plaintiff was given by the court. It follows then that the only assignment of error for us to consider is that of overruling plaintiff's motion for a new trial. This assignment of error brings up for our consideration the matters set forth as grounds for a new trial.

The only reasons urged for new trial, read: (1) Irregularity in the proceedings of the court, jury, and prevailing party by which the plaintiff was prevented from having a fair trial. (2) That the verdict is not sustained by sufficient evidence and is contrary to the testimony properly introduced. (3) That the verdict is contrary to law. (4) Error of court in refusing the peremptory instruction of plaintiff for an instructed verdict as requested by said plaintiff.

This court cannot consider the first ground for a new trial for the reason that the plaintiff in error does not call our attention to any irregularities of the court, jury, or prevailing party.

The remaining three grounds merely raise the question as to whether or not under the law of the case the verdict of the jury is sustained by the evidence. It is not necessary to cite authorities to the effect that this court will not pass on the weight of testimony, and that, when there is any testimony reasonably tending to support the verdict of the jury, the same cannot be disturbed. In this case, we think that the verdict of the jury is sustained by the evidence; but, whether or not this is true, on examination of the case-made we do not find that any objection was made by the plaintiff to submitting the case to the jury after the introduction of the testimony. There was no demurrer as to the testimony or motion for a directed verdict, and in no other way was the court's attention called to the insufficiency of the testimony, if the same was insufficient.

In a very well considered opinion in which the authorities throughout the country are collated, Mr. Chief Justice Williams, in Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157, concludes as follows:

"The plaintiff having elected to submit the issues to the jury upon the evidence without objection and exception, the verdict is conclusive in this court, except upon the ground that it is excessive and due to prejudice and passion."

The court, of course, in that case merely holds that such verdict is conclusive as to the facts, and that, in the absence of other prejudicial error to which exceptions were saved, the evidence cannot be reviewed in this court, except to determine whether or not the verdict is excessive and due to passion and prejudice. A reference to the authorities cited in the opinion of Justice Williams will show that the holding of the court is supported by the general current of authorities.

In Reed v. Scott, 50 Okla. 757, 151 Pac. 484, Mathews, C., in an opinion of this court, follows the opinion in Muskogee Traction Co. v. Reed, supra. Rummons, C., also decides the question in accordance with such established precedent, in Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.