**DODSON & WILLIAMS v. PARSONS.**

No. 7264—Opinion Filed Jan. 23, 1917.

(162 Pac. 1090.)

1. **New Trial—Newly Discovered Evidence—Motion—Affidavit.**

Motion for new trial on ground of newly discovered evidence must be sustained by affidavit showing truth of matters alleged in such motion.

2. **Same—Motion—Material Facts.**

The evidence expected to be produced, as set forth in such motion for a new trial, must consist of material facts, not conclusions and argumentative matter.

3. **Appeal and Error—Objections—Time—Question of Fact.**

The sufficiency of the evidence to sustain the verdict of the jury cannot be considered in this court unless its sufficiency was challenged by the appellant in some manner in the court below before finally submitting the issues to the jury, there being nothing to show that the verdict was excessive or influenced by passion or prejudice.

4. **Appeal and Error—Reversible Error—Charge on Damages.**

Where there is competent evidence tending to show damages alleged, and the verdict is not excessive, and when the complaining party does not request the trial court to give an instruction correctly stating the measure of damages, a cause will not be reversed because the court's charge does not accurately define the measure of damages.

(Syllabus by Stewart, C.)

Error from County Court, Jefferson County; J. M. Adams, Judge.

Action by J. D. Parsons against Dodson & Williams. Judgment for plaintiff, and defendant brings error. Affirmed.

Ben F. Saye and Wilson, Tomerlin & Buckholts, for plaintiff in error.

Bridges & Vertrees, for defendant in error

Opinion by STEWART, C. The parties will be designated hereinafter as they were in the lower court.

The plaintiff brought action against the defendants for the breach of a written contract by which defendants agreed to purchase of plaintiff 100 bales of cotton on a basis of 12½ cents per pound. Defendants answer by general denial, and further allege fraud on part of plaintiff, in procuring the written contract, and ask to avoid same because of such fraud. Trial was had by jury, resulting in a verdict for the plaintiff for the sum of $140. Defendants file motion for a new trial in due time; same is overruled, and exceptions saved. Afterwards defendants file a second motion for a new trial on the ground of newly discovered evidence, which was overruled; defendants except and appeal to this court. Both motions for new trial with orders of the court thereon are incorporated in the case-made, and the overruling of each is assigned as error.

Subdivision 7, sec. 5033, Revised Laws of 1910, names as one of the grounds for a new trial:

"Newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

It is held by this court that the facts constituting diligence must be set out. Burns v. Vaught, 27 Okla. 711, 113 Pac. 906; Twine et al. v. Kilgore, 3 Okla. 643, 39 Pac. 388.

Under section 5036, Revised Laws of 1910, the motion for new trial on the ground of newly discovered evidence must be verified by affidavit showing the truth of the same. In this case such motion is not verified. It is true that affidavit of W. W. Housewright as to what his testimony would be is attached to the motion, but the motion itself in which the defendants set out their claim of reasonable diligence is not verified. It is necessary that the motion itself should be verified.

On an examination of the contents of the affidavit of W. W. Housewright, it will be found that the affidavit is in an argumentative form and states the merest conclusions. He does not affirm any competent and material facts that tend to prove or disprove anything that was in issue in the trial of the case. Little, if any, of his proposed testimony is competent, and, even if admitted in evidence, we do not think it would change the verdict of the jury. The court did not err in overruling the second motion for a new trial. We now consider such errors as are based on the first motion for a new trial.

The first error assigned, "excessive damages appearing to have been given under the influence of passion or prejudice," is not argued, and there is nothing in the record to support such assignment.

The next error urged, being "that the verdict is not sustained by sufficient evidence

and is contrary to law," cannot be considered for the reason that defendants offered no demurrer to the evidence, no motion for judgment or for directed verdict, and in no other way challenged the sufficiency of the evidence to support a verdict in favor of the plaintiff. Therefore, so far as the facts in the case are concerned, under the uniform holdings of this court, we are concluded by the verdict of the jury, and the sufficiency of the evidence cannot be raised by the defendants. . Muskogee E. T. Co. v. Reed, 50 Okla. 757, 151 Pac. 484; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; Van Arsdale-Osborne 1. Hart, 62 Okla. 419, 162 Pac. 461. The defendants claim that the court erred during the introduction of evidence in saying to the jury, after objection made by plaintiff to certain testimony concerning agreements made before execution of the contract, that:

"The jury will not consider the evidence that tends to vary the terms of the written contract before the contract was entered into."

The statement made by the court is the law, but defendants say "it absolutely prevented the defendants from introducing evidence in substantiation of their answer." An examination of the testimony admitted by the court shows that the defendants were permitted to introduce fully the testimony in support of their allegations of fraud, though there is some doubt as to whether or not such allegations constitute a defense. We are not passing on the sufficiency of such answer, however, as the question is not raised. The court also instructed the jury fairly as to the issue of fraud raised by defendants. We cannot see that defendants were prejudiced by such remarks of the court.

The remaining proposition urged by defendants is that the court committed prejudicial error in the following instruction as to measure of damages:

"You are instructed, gentlemen of the jury, that the measure of damages in this case would be the excess, if any, of the amount due from the defendants under the contract. over the net proceeds of the sale of the 56 bales of cotton alleged by plaintiff to have been tendered to the defendants in compliance with the terms of the contract."

There was testimony to the effect that the defendants had accepted 44 bales of cotton in the contract and paid for same but refused the remaining 56 bales, and the suit was lodged for damage caused by failure of defendant to accept and pay for the 56 bales. There is testimony to the effect that the price of cotton went down after defendants made the contract and that J. D. Heady, whom the defendants acknowledged to be their agent in the transaction involved, admitted at the time he refused to take up the cotton that cotton was worth $8 a bale less than the contract price. The defendants brought out testimony from the plaintiff that he sold the cotton at 10 cents per pound and for $12.50 per bale less than the price which the defendants had contracted to pay. Mr. Heady also testifies that the price of cotton at the time was about 11½ cents, which would make a difference of $5 per bale in the market price of cotton and the price the defendants had contracted to pay. We think there is competent evidence in the record to show that plaintiff was damaged much more than the amount of the verdict.

This instruction complained of does not accurately state the measure of damages, but we fail to see how the defendants have been prejudiced by such instruction under the testimony in this case.

It is well established that, when it does not appear that the damages recovered are excessive, error in instruction relating to the measure of damages is harmless. Midland Valley R. Co. v. Kersey, 59 Okla. 9, 157 Pac. 139; Planters' C. & G. Co. v. Penny, 53 Okla. 136, 155 Pac. 516; 38 Cyc. 1814.

In a case like the one at bar where there is competent evidence, showing damages according to the true measure thereof, and the verdict is not excessive, this court will reverse the lower court because of inaccuracy in defining the measure of damages.

In the case at bar, the defendant did not request an instruction correctly stating the measure of damages and in no other way, so far as the record shows, called the court's special attention to the inaccuracy.

Having disposed of all the questions raised by counsel and finding no reversible error in the record, the judgment of the lower court should be affirmed.

By the Court: It is so ordered.