### HENDERSON v. TODD.

No. 11565—Opinion Filed May 15, 1923.

**1. Appeal and Error—Defective Brief—Waiver of Error.**

Where plaintiff in error fails to set forth in his brief, as required by rule 26 of this court, argument or citation of authorities in support of any assignment of error, it will be deemed as to such assignment that he has waived same.

**2. Same—Admission of Evidence.**

Where plaintiff in error complains of admission of certain irrelevant, incompetent, and immaterial evidence over his objection, and fails to set out in his brief the full substance of the testimony to the admission of which he objects, and fails to state specifically his objection thereto, as required by rule 26 of this court, it will be deemed as to such assignment that he has waived and abandoned same.

**3. Appeal and Error—Assignments of Error—Sufficiency.**

An assignment of error which in effect merely alleges that the court erred in rendering judgment for one party and against another, presents nothing to this court for review.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by W. Henderson against George A. Todd. Judgment for defendant, and plaintiff brings error. Dismissed.

Sigler & Jackson, for plaintiff in error.

Green & Pruet, for defendant in error.

Opinion by FOSTER, C. Mary Taylor was a full-blood Mississippi Choctaw Indian, and was duly allotted the following described land: S. W. ¼ of S. W. ¼ of N. E. ¼; N. E. ¼ of N. E. ¼ of S. W. ¼; N. ½ of N. W. ¼ of S. E. ¼; N. E. ¼ of S. E. ¼; and N. ½ of S. E. ¼ of S. E. ¼ of section 21, township 6 south, range 7, west, located in Jefferson county, Oklahoma.

On the 20th day of June, 1916, the Secretary of the Interior made an order removing her restrictions, and thereafter, on the 9th day of December, 1916, Mary Taylor sold said land, pursuant to the order removing her restrictions, to the defendant in error, George A. Todd, under the supervision and direction of the Secretary of the Interior. Neither the order removing her restrictions nor the deed to the defendant in error was filed for record in Jefferson county, Oklahoma, until December 18, 1917.

On the 26th day of April, 1917, the allottee, Mary Taylor, died in Marshall county, Okla., leaving surviving, her husband, Ernest Ned, who thereupon inherited a one-third interest in said land.

On the 28th day of May, 1917, Ernest Ned, as the surviving husband and heir of Mary Taylor, executed a deed to N. O. Stephens, whereby he attempted to convey the one-third undivided interest in the land. This deed was approved by the county judge of Marshall county, Okla., on the 1st day of June, 1917, and duly filed for record on June 29, 1917, in the office of the county clerk of Jefferson county, Okla. The same day on which the deed of N. O. Stephens was executed, Ernest Ned executed another deed of his interest, as such surviving husband, to E. T. Haddock, which was thereafter approved by the county judge of Marshall county, Okla., on the 15th day of June, 1917.

On the 25th day of October, 1917, Haddock quitclaimed his interest to Stephens, the first grantee, and on the 29th day of July, 1918, N. O. Stephens and wife executed a warranty deed to the plaintiff in error, W. Henderson.

The plaintiff in error filed suit in the district court of Jefferson county, Okla., on the 3rd day of April, 1919, alleging that he was the owner of the one-third undivided interest in said land, and asking the court to so adjudge and set apart to him his interest in kind. The defendant in error filed an answer, denying the allegations of the plaintiff in error's petition and relied upon the order removing the restrictions by the Secretary of the Interior and the deed executed to the defendant in error in pursuance of such order. Plaintiff in error filed a reply in which he denied that Mary Taylor, the allottee, executed the deed, denied that the defendant in error had any title to said land, and pleaded that he was an innocent purchaser for a valuable consideration without any notice of the claims of the defendant in error.

The case was tried by the court as a law action without the intervention of a jury, a jury having been waived by the stipulation of the parties. The plaintiff in error introduced the two deeds from Ernest Ned, hereinbefore mentioned, and the various other intervening conveyances in his chain of title; introduced N. O. Stephens, who testified that he bought said land and took title thereto in good faith and without any actual knowledge or notice of the sale of said land through the department to the defendant in error, and that he paid his grantor, Ernest Ned, a valuable consideration therefor, and that he was an innocent purchaser, and without any notice of the rights of the defendant in error. He also testified that Homer Moore, the notary public, who took the acknowledgment of Ernest Ned in the deed to him, was a notary public living at Nelda, Carter county, Okla., and that Ernest Ned acknowledged the deed in Carter county.

The defendant in error introduced in evidence the order of the Secretary of the Interior removing the restrictions of Mary Taylor, the deed of Mary Taylor to the defendant in error made in pursuance thereof, and rested his case. This evidence, however, on the part of the defendant in error was admitted over the objection of the plaintiff in error, and excepted to at the trial.

No demurrer to the evidence or request for judgment in his behalf was filed by the plaintiff in error at the conclusion of the trial, and the cause was submitted to the court, who made a general finding in favor of the defendant in error upon all of the issues involved, and rendered judgment accordingly, quieting his title against the claims of the plaintiff in error.

Plaintiff in error prosecutes this appeal to reverse said judgment, and assigns the following errors:

"First. That the court erred in overruling the plaintiff's motion for a new trial.

"Second. That the court erred in rendering a judgment for the defendant and

refusing to render judgment for the plaintiff.

"Third. That the court erred in admitting certain irrelevant, incompetent and secondary evidence over the objection and exception of the plaintiff."

Counsel for plaintiff in error, in their brief, do not discuss their assignments of errors in regular order, as prescribed by Rule 26 of this court, but argue at length certain propositions of law, which they insist are controlling in the case at bar. We do not deem it necessary to review and consider these propositions of law in the present state of the record. Counsel for defendant in error, at the outset in their brief contend that under the record nothing is presented to the Supreme Court for review.

The case at bar was treated by the parties as a law action, and tried to the court without the intervention of a jury. A motion for a new trial will not present for review by this court the sufficiency of the evidence to sustain the judgment of the trial court, unless a demurrer had been interposed to the evidence, or motion for judgment filed and exceptions saved. The plaintiff in error having failed to demur to the evidence of the defendant in error, or to request judgment in his behalf, the sufficiency of the evidence to support the judgment cannot be presented on appeal to this court under an assignment merely that the court erred in overruling plaintiff in error's motion for a new trial.

In Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157, it is said in the syllabus:

"Where the plaintiff permits issues joined to be submitted to the jury upon the evidence without objection and exception, the verdict on review in this court is conclusive, so far as such evidence is concerned, except as to 'excessive damages, appearing to have been given under the influence of passion and prejudice.'"

And in the body of the opinion, the court says:

"It is well settled in this jurisdiction that errors occuring at the trial, not excepted to, will not be reviewed on appeal. A motion for a new trial is intended for the purpose of bringing to the notice of the trial court errors and exceptions saved during the trial. When no exceptions are saved during the trial such motion presents nothing relative thereto for review in the appellate court."

See, also, Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739.

However, should plaintiff in error's motion for a new trial suffice to present to this court the errors which he insists were committed by the trial court in the absence of timely exceptions to the sufficiency of the evidence to sustain the judgment, still he would not be permitted to complain for the reason that under Rule No. 26 of this court, he has waived and abandoned both the first and third assignments of error. Rule No. 26 of this court provides, in part:

"Where a party complains of admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto. * * *

"The brief shall contain the specifications of errors complained of, separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order, with strict observance of Rule vii."

In Brigman. v. Cheney, 27 Okla. 510, 112 Pac. 993, it is said in the syllabus:

"Where plaintiff in error fails to set forth in his brief, as required by rule 25 (20 Okla. xiii), argument or citation of authorities in support of any assignment of error, it will be deemed, as to such assignment, that he has waived same."

See, also, Steger Lumber Co. v. Haynes et al., 42 Okla. 716, 142 Pac. 1031.

Again, in Oklahoma City v. McMaster, 12 Okla. 570, 73 Pac. 1012:

"Where errors are assigned in the petition in error, but are not mentioned in the argument or brief of counsel, and are not relied upon in the argument or brief for a reversal of the judgment complained of, they will be deemed waived and abandoned, and will not be regarded in this court."

In Penny v. Fellner, 6 Okla. 386, 50 Pac. 123, the court says:

"This court will not examine the record filed herein in search of prejudicial errors which are not clearly pointed out and insisted upon in the brief of the complaining party, but all such errors (if any) will be considered as waived."

There remains only for consideration the second assignment of error: "That the court erred in rendering a judgment for the defendant and refusing to render judgment for the plaintiff." We are of the opinion, that this assignment of error presents nothing to the Supreme Court for review. In Connelly et al. v. Adams et al., 52 Okla. 382, 152 Pac. 607, it is said in the syllabus:

"An assignment of error, which, in effect, merely alleges that the court erred in ren-

dering judgment for one party and against the other, presents nothing to this court for review."

Again in Nelson v. Reynolds et al., 59 Okla. 168, 158 Pac. 301, it is held:

"An assignment of error that the court erred in entering judgment against plaintiff in error is too general, and does not direct the court's attention to any fact showing cause for reversal."

See, also, Neil v. Union National Bank of Chandler, 72 Oklahoma, 178 Pac. 659; Carolina v. Montgomery, 74 Oklahoma, 177 Pac. 612.

As the assignments of plaintiff in error do not present any question which this court can review, the appeal of this case should be dismissed.

By the Court: It is so ordered.