## PHOENIX INS. CO. OF HARTFORD v. NEWELL et al.

No. 7293.   Opinion Filed September 12, 1916.

(159 Pac. 1127.)

**1. Trial—Directed Verdict—Conflict in Evidence.**

Where there is a conflict in the evidence, it is not error for the court to refuse to direct a verdict.

**2. Appeal and Error—Review—Verdict.**

Where there is evidence, though in conflict with other evidence in the case, sufficient to reasonably sustain the verdict rendered, this court will not disturb such verdict.

**3. Principal and Surety—Liability of Sureties—Notice of Principal's Default.**

Where an agent, who has given a bond with sureties to secure the payment to his employer of money collected by him as agent, appropriates the money collected by him as such agent, and his employer is informed by such agent of such wrongful appropriation by such agent, and such agent promises to make restitution of such money so appropriated, such agent is guilty of an offense involving moral turpitude; and where the employer, after knowledge of such wrongful act on the part of such agent, continues such agent in its employ and does not notify the sureties on said bond of such wrongful act, the sureties are exonerated from liability for all money collected by such agent after knowledge of such wrongdoing of the agent came to the employer.

(Syllabus by Collier, C.)

Error from County Court, Garvin County; W. R. Wallace, Judge.

Action by the Phoenix Insurance Company of Hartford against D. M. Newell, R. H. Grimmett, and another. There was a judgment against the defendant Newell, and in favor of the other defendants, and plaintiff brings error. Affirmed.

Scothorn, Caldwell & McRill, for plaintiff in error.

Lydick & Eggerman and William Beatty, for defendants in error.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error against the defendants in error upon a bond executed by D. M. Newell, principal, and R. H. Grimmett and Geo. M. Southgate, as sureties. Hereafter the parties will be designated as they were in the trial court.

The uncontradicted evidence is that said bond was executed by the defendants on the 20th day of July, 1907, and was conditioned for the faithful accounting and payment to the plaintiff of such moneys as might come into the hands of the said Newell as agent of the plaintiff; that said agent did not prompt-

ly render an account and pay over the moneys collected by him as agent; that said agent did not keep the company's money separated from his own; that he used his own money and the company's money together; that he did business with the merchants and took goods from them in payment of the premiums; that prior to 1911, the said agent informed the investigating agent of the plaintiff of the fact that he had used the money collected by him as above stated; that he told him that he had collected it, or part of it; that he had used the money; checked it out on something else, and would pay the balance when he could; that the plaintiff did not notify said sureties as to such default of their principal, and, after having knowledge of said default of their said agent, continued said agent in its employ; and that the said agent was in default in the amount claimed. The evidence was in conflict as to the time that the knowledge of the default sued for came to the plaintiff.

Among other instructions, the court instructed the jury as follows:

"You are instructed to find in favor of the plaintiff and against the defendant D. M. Newell for the amount sued for, and you are further instructed to find for the plaintiff and against the defendants R. H. Grimmett and George M. Southgate for the amount you find the defendant D. M. Newell due the plaintiff, unless, you find that it became known to the Phoenix Insurance Company that default was being made by its agent D. M. Newell. When the agent of the company is appointed for an indefinite time and under bond to account and pay over money at stated periods of time, and he fails to perform at some of those times his duties relative to this matter, whether he can be afterwards trusted with additional funds at the risk of the sureties upon his bond consistently with good faith and fair dealing, without first giving notice to the sureties, depends upon the apparent cause of his failure. If the corporation or supervising officer knew that it results from dishonest practices or intentions, such as a conversion of money committed to his custody, it is the duty of the corporation or its agent to notify the sureties; if, on the other hand the circumstances do not point to moral turpitude, but to lax habits of business, mere negligence, procrastination, want of diligence or punctuality, rather than a want of honesty, the principal may continue the agent in its employ, treating his successive failures in promptness as breaches of contract only, and relying on the bond for protection should ultimate loss occur; and, if you believe that the plaintiff in this case knew that the defendant D. M. Newell, was not acting honestly, and that the plaintiff acquiesced in his dishonest practices, and that he was guilty of moral turpitude in the handling of the funds which came into his hands, and that it was not indolence, carelessness, inattention to business, and a disposition of procrastination, you will find for the defendants R. H. Grimmet and George M. Southgate, and against the plaintiff."

The jury returned a verdict against the principal in the bond in the sum of $258.68 and in favor of the said sureties. Timely motion for a new trial was made by the plaintiff, overruled and excepted to, and judgment entered in accord with the verdict. To reverse the judgment rendered, the plaintiff prosecutes this appeal.

The errors assigned are: (1) Overruling plaintiff's motion to direct the verdict; (2) giving instruction No. 1; (3) that said judgment is not sustained by sufficient evidence, and is contrary to law; (4) that the verdict of the jury and judgment rendered are contrary to law; (5) overruling plaintiff's motion for a new trial.

There is no appeal from the judgment rendered against the principal in the bond, and therefore the only question involved in this appeal is as to the liability of the sureties.

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough * * * evidence to reasonably sustain a verdict, should the jury find in accordance therewith." Chestnutt-Gibbons Groc. Co. v. Consumers' Fruit Co., 44 Okla. 318, 140 Pac. 591.

Applying the above-stated, well-settled rule to the instant case, we are of the opinion that the court did not err in refusing to direct a verdict against the sureties, as well as the principal in the bond.

It is a well-settled rule of law that where an agent, under bond to account for money, appropriates the money to his own use without authority of the obligee in the bond, he is guilty of embezzlement, and where this misconduct on the part of the agent is known to the obligee in the bond, and the said obligee continues said agent in his employ without notice to the surety, that the surety is relieved from the obligation, from the time such obligee in the bond ascertained such criminal action on the part of the agent, as to all moneys that came into the hands of the agent subsequent to the ascertainment of such facts by the obligee in the bond. Chicago Crayon Co. v. Rogers, 30

Okla. 299, 119 Pac. 630. We are of opinion that instruction No. 1, given by the court, correctly states the law.

The pivotal questions with which we have to deal are: Was the principal in the bond guilty of acts involving moral turpitude, and did the obligee in the bond continue such principal in its employ after knowledge of such wrongdoing on the part of the agent came to the obligee, and were the sureties apprised of such wrongdoing of their principal by the obligee in the bond, and was the money sought to be recovered of said sureties in this action collected by the agent after knowledge of said wrong appropriation of said agent came to its knowledge?

The most important of the foregoing questions is: Was the said agent guilty of moral turpitude in appropriating to his own use the moneys that came into his hands by virtue of his employment as agent of the obligee in the bond? We are of the opinion that this question must be answered in the affirmative. The evidence of the principal in the bond was that he used the money collected by him as agent, checked it out on something else; that he used the premiums collected for his own use and benefit, and promised restitution as soon as he was able. Certainly such principal was guilty of embezzlement. Section 2676, Rev. Laws 1910, provides:

"A distinct act of taking is not necessary to constitute embezzlement, but any fraudulent appropriation, conversion or use of property, coming within the above prohibitions is sufficient."

The above prohibition is embraced in section 2675, Rev. Laws 1910, and is:

"That if any clerk or servant of any private person * * * fraudulently appropriates to his own use, * * * any property of any other person which has come into his [hands or] control * * * by virtue of his employment as such clerk or servant, he is guilty of embezzlement."

That the obligee in the bond, after having knowledge of the wrongdoing of the agent, continued to employ said agent, and that the agent continued to collect premiums, and that the obligee in the bond did not advise the sureties of the wrongdoing of the agent, and that the moneys sought to be collected in this action were collected by the agent after the knowledge came to the obligee in the bond of the appropriation of money of the obligee by the agent, though the evidence is in part in conflict, the preponderance thereof is sufficient to authorize the jury to answer the said questions in the affirmative. Where the evidence, though in conflict, reasonably supports the verdict rendered, that this court will not disturb the verdict is so well established as not to require the citation of authorities in support thereof.

There is no evidence as to whether or not a part of the premiums collected belonged to the agent as his compensation; but, if it be admitted that such is the case, if he converted the whole fund to his own use, he is guilty of embezzlement. Wallis v. State, 54 Ark. 611, 16 S. W. 821; Territory v. Meyer, 3 Ariz. 199, 24 Pac. 183; State v. Collins, 1 Marv. (Del.) 536, 41 Atl. 144; Foster v. State, 2 Pennewill (Del.) 111, 43 Atl. 265; Clark v. Com., 97 Ky. 76, 29 S. W. 973; Com. v. Fisher, 113 Ky. 491, 68 S. W. 855; Com. v. Smith, 129 Mass. 104; People v. Hanaw, 107 Mich. 337, 65 N. W. 231; Campbell v. State, 35 Ohio St. 70; People v. Civille, 44 Hun (N. Y.) 497.

The third and fourth assignments of error are covered by the authorities cited, and conclusion reached in reviewing the second assignment of error.

The court did not err in refusing to grant a new trial.

This cause should be affirmed.

By the Court: It is so ordered.