**J. R. WATKINS CO. v. JENNINGS et al.**

No. 17867.   Opinion Filed April 17, 1928.

Rehearing Denied July 24, 1928.

(Syllabus.)

1. **Pleading—Where not Alleged in Petition that Verified Account is Correct, not Necessary to Deny Correctness under Oath.**

Where the petition of the plaintiff does not specifically allege that the verified account attached thereto is correct, the defendant is not required to deny the correctness of said account under oath.

**2. Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Principal and Surety—Right of Surety on Continuing Contract to Notice of Principal's Default.**

As a general rule, sureties on a contract are not entitled to notice of the default of their principal for whose act they are bound. But where the principal on a continuing contract is guilty of conduct indicating bad faith, moral turpitude, or unfitness for trust, of which the creditor has notice, he is under obligation to notify the sureties, and if he fails to give sureties notice, they are not bound for future advances. And the question of whether the principal is guilty of such conduct, requiring notice to be given, is a question of fact to be determined by the jury under proper instructions, or by the court trying the case; and where there is any testimony reasonably tending to support the finding of the court or jury, the same will not be disturbed in this court on appeal.

**3. Appeal and Error—Waiver of Error by Failure to Object at Trial—Proof of Agency by Statements of Agent.**

Although declarations of agents are not admissible to prove agency, and statements and representations by a party to a contract, made before and at the time of its execution, are not admissible to explain said contract if the same is unambiguous, yet, where there are no objections or exceptions made to said testimony at the time the same is offered, the error, if any, will be considered as waived, and the party will not be allowed to rely upon such error for the first time in this court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Ellis County; Charles C. Smith, Judge.

Action by the J. R. Watkins Company against Lewis F. Jennings et al. to collect money due under the terms of a contract between plaintiff and defendant Jennings, on which other defendants were sureties. Suit brought for $790. Judgment for plaintiff in the sum of $157, and plaintiff appeals. Affirmed.

C. B. Leedy, Tawney, Smith & Tawney, and E. D. Libera, for plaintiff in error.

J. W. Burrow, for defendants in error.

FOSTER, C. The parties appear as they appeared below, and will be so referred to.

The plaintiff brings this action to recover on a contract made and entered into between the plaintiff and defendant Lewis F. Jennings, on the 25th day of April, 1922, by the terms of which the plaintiff was to deliver to the defendant Jennings, at wholesale price, goods and other articles manufactured by the plaintiff, to be sold by the

defendant Jennings, in Harper county, Okla., and in case Jennings did not pay cash for said goods, he was to make a weekly report, on report blanks furnished by the plaintiff, which reports might be waived by plaintiff.

The defendant promised to pay for said goods, at wholesale price, at the plaintiff's place of business, and to pay all freight and other charges; and in case said defendant paid for said goods by the 15th of each month, he was to receive a discount on the wholesale price, said contract providing for the return of any goods on hand at the termination of this contract, and for certain credits to be given defendant.

The contract further provides that Jennings should have no power to contract any debt or liability, and that the terms of this contract should constitute the entire agreement, and no advertising or other printed matter furnished by the company to Jennings should be construed as modifying or changing the terms of the agreement, and that the agreement might be terminated at any time by either party giving the other party notice in writing, and, in case of a contract being terminated, that all sums due and owing shall become immediately payable.

The defendants Oliver, Snowden, and Hagen signed said contract as sureties or guarantors, in which they promised, agreed, and guaranteed, unconditionally, for the consideration of $1 and the executing of the foregoing instrument, to pay for said goods and articles and all expenses "at the time and place and in the manner as in said agreement provided."

In addition to the contract, there is also attached to the petition an itemized, verified account showing the sum of $760.07 due and owing plaintiff from said defendants. The defendants, with the exception of Jennings, on December 20, 1924, filed a motion to make the petition more definite and certain, but no action was taken on said motion, and on February 24, 1925, a motion was made by the plaintiff for judgment on the pleadings. This motion, however, was overruled on April 6, 1925, and the defendants given 20 days in which to answer. No answer being filed, on May 29th the plaintiff filed its motion for judgment on the pleadings, which was overruled on June 1st, and defendants given five days to answer. The defendants filed their answer on June 4th, and afterwards, on September 5th, filed an amended answer. The plaintiff filed a motion to strike the amended answer for the reason that the same was filed out of time, and that it set up additional defenses

other than those alleged in the original answer, and the court on September 8th sustained plaintiff's motion to strike, but permitted the defendants to file the same answer out of time, which they accordingly did.

This amended answer was unverified, it admitted the execution of the contract, and affirmatively alleged an implied obligation on behalf of the plaintiff to furnish Jennings only the amount of goods that his financial ability to pay would warrant, and alleged the poverty of Jennings and an estoppel on behalf of the plaintiff by reason of its delivering to Jennings an excessive amount of merchandise, and for that reason they were not liable under the contract.

Under this state of the pleadings, the case came on for trial, and under the plaintiff's testimony, which is not denied, it was shown that all the goods, wares, and merchandise, contained in the itemized account, were ordered by Jennings and delivered to him. The testimony, however, shows that the first shipment of goods was made to Jennings in July, 1922, and in August and September, 1922, these checks in the sum of $5, $18,.50, and $10.50, given by Jennings to the plaintiff, were protested and dishonored, and regardless of the bad checks the plaintiff continued to ship goods to the defendant Jennings, until the termination of the contract in June, 1923. The defendants each testified, without objection on behalf of the plaintiff, to certain representations that were made them by Jennings, and by another person on behalf of Jennings at the time they entered into the contract, which representations were, in substance, that the instrument which they were signing was held out to them to be a recommendation of Jennings' industry and his ability to sell goods and a guarantee that he would properly account for the goods sold.

The case was tried to a court on agreement of both parties, without the intervention of a jury, and at the conclusion of the testimony the court found in favor of the plaintiff and against the defendant Jennings for the full amount sued upon, and in favor of the plaintiff and against the other three defendants only for the sum of $157.61, which was only the balance of the first shipment of goods to Jennings after giving credit for all the payments made; the court's finding on this particular point being as follows:

"The court further finds that the failure of the plaintiff to notify the sureties. A. C. Oliver, C. A. Snowden, and Wyatt Hagen, of the delinquency of their principal, estops them from recovering of the said sureties any goods shipped after the first shipment, and finds that the defendant Lewis F. Jennings has made certain payments to the plaintiff, and that the payments so made should be credited upon the first shipment of goods furnished the principal, and after giving said credits, there remains a balance of $157.61, for which the plaintiff is entitled to recover against the sureties above named."

From this judgment the plaintiff appeals to this court, and sets up five assignments of error, in substance, as follows:

(1) That the court erred in denying the plaintiff's motion for judgment on the pleadings, and for judgment by default.

(2, 3) In substance, that the court erred in not finding the same amount against the other three defendants as he found due and owing from Jennings.

(4) That the court erred in receiving evidence of the statements of Jennings made at and before the execution of the contract.

(5) That the judgment is not supported by the law and the evidence.

It is first contended that, since there was attached to the petition of the plaintiff a verified account, and that the defendant's answer was unverified, the items of account should be taken as true under section 287, C. O. S. 1921.

From an examination of the petition, however, we find no allegation that the items of account are correct, and unless there is an allegation in a petition specifically alleging that the verified account attached thereto is correct, the defendant is not required to deny the correctness of the account under oath, but may raise the issue by general denial. Smith v. Cottage Home Remedy Co., 91 Okla. 87, 216 Pac. 163, and American National Bank v. Roberts, 29 Okla. 221, 116 Pac. 774.

It is next contended that the court erred by reason of its refusal to grant plaintiff judgment by default on account of the failure of the defendants to file their pleadings within time. Under the numerous decisions of our court, it has always been held that the matter of filing pleadings is largely a question in the sound discretion of the trial court, and that judgments by default, while they are recognized, are not favored. From the record in this case, there was apparently considerable delay on behalf of the defendants in filing their pleadings, but we believe this was a matter for the determination of the lower court, and we are unable to say that he abused his discretion in this case.

The next proposition raised is, whether or

not the court erred in finding that the failure of the plaintiff to notify the sureties of the delinquency of their principal, estops the plaintiff from recovering under the facts in this case.

In August and September, 1922, soon after the first shipment of goods amounting to over $300 had been sold to the defendant Jennings, the said defendant sent to the plaintiff three bogus checks, which were dishonored and returned, and regardless of these checks, the plaintiff continued to ship to Jennings its goods in amounts greatly in excess of the payments made. Although there were many small payments made after the checks were dishonored, the entire amount of the payments did not equal the amount of the first shipment.

The court in its judgment held that the sureties were not bound except for the first shipment, after the knowledge of this conduct on the part of Jennings had come to the plaintiff, and the plaintiff had given no notice to said sureties.

The plaintiff contends that this was error, because the contract was a suretyship and not a guaranty, and cites the following cases where similar contracts were held to be suretyships and not guaranties: J. R. Watkins Co. v. Marbach (Ga. App.) 93 S. E. 270; Hess v. J. R. Watkins Medical Co. (Ind. App.) 123 N. E. 440.

Regardless of whether this contract is a guaranty or a suretyship, we believe that the court did not err in its finding. A surety is exonerated in a like manner with a guarantor. C. O. S. 1921, sec. 5153.

As a general rule, a surety is bound to perform the obligation of its principal, and cannot complain when the creditor does not notify him of the default of his principal, or of the state of the accounts between himself and the principal, for whom the surety is liable. Mere inaction of the creditor will not discharge the surety, and the fact that the principal is delinquent in payments of sums due does not affect the liability of a surety. But this rule does not apply where there is a question of moral turpitude involved, or where the principal is guilty of conduct indicating dishonesty, or bad faith, or utter unfitness for trust, after the knowledge of such conduct has come to the obligee's attention. 21 R. C. L. pp. 1071-72, sec. 111; Phoenix Fire Ins. Co. v. Newell, 60 Okla. 207, 159 Pac. 1127; Screwman's Ben. Ass'n v. Smith (Tex.) 7 S. W. 793.

"If, however, the obligation of the surety is a continuing one, and the extent of the liability of the principal rests entirely within the knowledge of the obligee, notice of the principal's default must be given to the sureties within a reasonable time, or they will be discharged." 32 Cyc. 109.

In the case of McKecknie v. Ward, 58 N. Y. 541, 17 Am. Rep. 281, it is held, in substance, that, where goods are sold from time to time, it is the duty of the seller to give notice to the buyer's surety of the amount and of the default in payment within a reasonable time; and what constitutes a reasonable time depends upon the circumstances of each case, but the surety is not discharged by failure to receive notice, except to the extent that the loss has resulted from lack thereof.

In 20 Cyc. 336, it is stated as follows:

"And it has been held that where there is no limit, either as to time or amount of the creditor's liability, the amount of credit which may be extended must be reasonable, taking into consideration the language of the guaranty and of the circumstances of the case."

In the case of Lehigh Coal & Iron Co. v. Scallen, 61 Minn. 63, 63 N. W. 245, it is held that where a guaranty provided, "I agree to become responsible for any amount of credit you may give him," this language must be given weight. But, even under this language an unreasonable amount of credit might be given, and, where there was evidence tending to show that a reasonable line of credit in the business of the principal debtor was from $300 to $400, it was a question for the jury whether it was unreasonable, on the faith of the guaranty, to extend to him a line of credit amounting to over $3,000.

It seems to us that the giving of the three bogus checks, soon after the first shipment of more than $300 was made to the defendant Jennings, was a sufficient indication that the party was guilty of a moral delinquency, and unfit for trust, where it also appeared that the payments thereafter made were very small in proportion to the amount of goods shipped, and that such conduct within the knowledge of the plaintiff, under a contract which is continuing, was sufficient under all the other facts and circumstances in this case to present a question to the court or jury as to whether or not notice should have been given. And since this case was tried by the court, and the court found that the sureties were released because of want of notice, we believe the evidence is sufficient under the rules above stated that said judgment will not be disturbed by this court.

It is next contended that the court erred

in receiving testimony concerning statements and representations of the defendant Jennings, relating to the contract prior to its execution by said sureties. This objection is no doubt good if proper exception had been made at the time of the trial; but from an examination of the record, we find that all such testimony was introduced without any objection on behalf of the plaintiff, and it cannot be raised for the first time in this court. Muskogee Elec. Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Saxon v. White, 21 Okla. 194, 95 Pac. 783; Capital Fire Ins. Co. v. Carroll, 26 Okla. 286, 109 Pac. 535; Burnett v. Durant, 28 Okla. 552, 115 Pac. 273; Winans v. Hare, 46 Okla. 741, 148 Pac. 1052.

Nor can this question be presented for the first time in the motion for a new trial, as the motion for a new trial is intended for the purpose of bringing to the notice of the court errors and exceptions saved during the trial. Muskogee Elec. Co. v. Reed, supra.

It is next contended that Jennings was not the agent of the plaintiff, and could not be bound by the statements which he made to the sureties, even though the contract is ambiguous, for the reason that the only proof of his agency is the statements of the agent himself, and it is well recognized that statements of a purported agent are not sufficient to prove agency. This statement of the law is undoubtedly correct, but we can find no objection nor exception made to this testimony, and the same will be deemed as waived.

For the reasons herein given, the judgment of the trial court is in all things affirmed.

TEEHEE, LEACH, REID, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 535. (2) 4 C. J. p. 853, §2834; 32 Cyc. pp. 107, 109, 139: 21 R. C. L. pp. 1071-1074. (3) 3 C. J. p. 808, §730.