## CAPPS v. INSURANCE COMPANY OF N. A. et al.

No. 20402. Opinion Filed Oct. 27, 1931.

Clayton Carder, for plaintiff in error.

Rittenhouse, Lee, Webster & Rittenhouse, for defendant in error Insurance Company of North America.

CULLISON, J. This action was commenced in the district court of Kiowa county, Okla., by E. W. Capps, plaintiff herein, against the Insurance Company of North America, defendant herein. James Burns, B. B. Burns, and A. J. Beardain were made additional parties defendant upon motion of defendant. Plaintiff, for his cause of action against the defendants, in his first cause of action says:

"First Cause of Action.

"Comes now the plaintiff, E. W. Capps, and for his first cause of action against the defendant, Insurance Company of North America, of Philadelphia, Pa., a corporation, alleges and states:

"That the plaintiff, E. W. Capps, is a bona fide resident of the town of Mountain Park, in Kiowa county, state of Oklahoma, at the date of the commencement of this action, and has been such bona fide resident at all the times hereinafter mentioned.

"That the defendant, Insurance Company of North America, of Philadelphia, Pa., is a foreign insurance corporation, which is duly authorized and licensed to conduct and transact its business in the state of Oklahoma.

"That the defendant, Insurance Company, for a period of many years prior to January 12, 1926, maintained a local agency at Mountain Park, Okla., and that upon the 12th day of January, 1926, the plaintiff, E. W. Capps, and one Jim Burns were duly appointed as agents of the company. That during the existence of said agency, and at some exact date unknown to the plaintiff, but which was prior to November 19, 1926, the defendant Insurance Company, acting by and through one J. W. Rainey, who was a special agent of said insurance company in the state of Oklahoma, orally instructed the plaintiff, E. W. Capps, to cause and effectuate the cancellation of all farm policies then in force and effect, which had been written by the defendant insurance company, through the agency at Mountain Park, Okla., during the entire period of time that said defendant company had been in business in said place, and that said E. W. Capps, the plaintiff, was instructed by the said J. W. Rainey, upon the cancellation of the individual policies which were fire, tornado, and lightning insurance policies, upon farm lands only, to advance to the individual policy holder the unearned premium upon said policy. That thereafter, under date of November 19, 1926, the oral instructions so given was confirmed

by a written communication addressed to the plaintiff, E. W. Capps, at Mountain Park, Okla., and was signed by one W. T. Avey, who is an agent of the defendant company and occupies the position of superintendent of the farm department of said company.

"That pursuant to the said instructions, the plaintiff, E. W. Capps, did advance from his own personal moneys, the returned or unearned premium on all farm policies of said defendant company, upon the cancellation thereof, according to the following schedule which shows the name of the policy owner, the number of the policy, and the amount of money returned as unearned premium upon insurance in force and effect, to wit: (Here follows the name of the policy holder, the number of the policy, and the amount of premium returned, aggregating the sum of $1,085.95.)

"That pursuant to said instructions of the company, the plaintiff, E. W. Capps, advanced, for the sole benefit of the company, the unearned premium above mentioned, which was required by law, prior to the cancellation of the policies in the total sum of $1,085.95, which said sum was actually and necessarily paid for said defendant, for its sole use and benefit, and by reason of which the plaintiff, E. W. Capps, is entitled to recover a judgment in said sum, together with the interest thereon at the rate of six per cent. per annum from the date of the commencement of this action.

"That due demand has been made upon the defendant to repay to the plaintiff the sum of money so advanced for its use and benefit, but that the defendant refuses and fails to pay the same, or any part thereof, and that the entire amount thereof is just, due, and wholly unpaid.

"Wherefore; the plaintiff, E. W. Capps, upon his first cause of action, prays judgment against the defendant, Insurance Company of North America, of Philadelphia, Pa., a corporation, in the sum of $1,085.95, together with interest thereon at the rate of six per cent. per annum from June 29, 1927, the date of the commencement of this action and for all costs expended."

Plaintiff, for his second cause of action, says that he "did cause and effect the cancellation of the policies owned by the policy holders; * * * that plaintiff was actually engaged in the service of defendant company for a period of 60 days."

For which he asks judgment in the sum of $600, and further alleges that he is entitled to a further sum of $250 for money expended while transacting said business.

Plaintiff's third cause of action dismissed by stipulation.

Defendants demurred to plaintiff's petition, which demurrer was by the court overruled.

On December 4, 1928, said cause was called for trial and hearing had, at which time defendant filed its motion for judgment on the pleadings in words and figures as follows, to wit:

"Motion for Judgment on Pleadings (R. 84).

"Now comes the defendant, Insurance Company of North America, a corporation, and moves the court for judgment on the pleadings in favor of this defendant and against the plaintiff, E. W. Capps, in the sum of $605.88 with interest at six per cent. per annum from the 8th day of September, 1927, together with $100 attorney fees, $50 expenses, and the costs of this action, or such judgment as this defendant upon the pleadings may be entitled to in the opinion of the court."

Whereupon the plaintiff and the defendant Insurance Company of North America entered into the following:

"Stipulation (R. 86-87).

"It is hereby stipulated and agreed by and between the parties hereto that in consideration of the motion of judgment on the pleadings the court may consider the following stipulation, to wit:

"1. The third cause of action is dismissed with prejudice.

"2. The solicitor's agreement attached to the answer and cross-petition and the bonds and commission agreement are true copies of the originals.

"3. That the statement of account attached to the answer and cross-petition as verified show the correct condition of the account and the balance due from the plaintiff to the defendant provided said defendant is entitled under the contracts and bonds and agreements aforesaid, to charge the plaintiff's agency with return commissions on the canceled policies of the predecessor of said agency, H. A. Bragg. And provided that the plaintiff is not entitled to charge a per diem and expense in the matter of the cancellation of said policies so ordered canceled by the company.

"4. That exhibit '5,' a letter, was written to and received by plaintiff."

Defendant Insurance Company of North America, for its answer and cross-petition, in part says:

"Answer and Cross-Petition.

" * * * (3) Further answering, defendant alleges and states that on or about the 12th day of January, 1926, it appointed as its local soliciting agents in the town of Mountain Park, Okla., the plaintiff E. W. Capps and one Jim Burns, at which time, in con-

sideration of their said appointment, they executed and delivered to this defendant their certain solicitor's agreement, a true copy of which is hereto attached, marked 'Exhibit 1,' and made a part hereof. That as a part and parcel of the same transaction, and at the same time there was executed and delivered by said plaintiff and the said Jim Burns to this defendant, a certain memorandum of commission agreement and two certain agency bonds, each in the sum of $1,000, true copies of which were hereto attached, marked 'Exhibits 2, 3, and 4,' respectively, and made a part hereof.

"(4) Further answering and by way of cross-petition herein, defendant alleges and states that during the time and period of agency of the said plaintiff and the said Jim Burns, and his predecessor, H. A. Bragg, for this plaintiff under and by virtue of said appointment, solicitor's agreement and agency bond, that said plaintiff and his associate, Jim Burns, and their predecessor in said agency, to wit, H. A. Bragg, wrote various and sundry policies of insurance upon what is known as the premium note basis; that is, that said policies were written for a five-years' term, one-fifth of the premium on which policies was payable in advance, and four-fifths of which was divided into four equal annual installments, represented by a premium promissory note executed by the respective assureds procuring said policies. That under the terms and provisions of the solicitor's agreement, a copy of which is hereto attached, marked 'Exhibit 1' and made a part hereof, it is provided that the said E. W. Capps, plaintiff herein, and his associate Jim Burns, agree to return to this defendant all unearned commissions on return premiums on policies canceled, either by request of insured or order of this defendant, whether said policies cover upon business secured by the said E. W. Capps and Jim Burns, or by their predecessor, H. A. Bragg, and agree to pay back to this defendant all advances made to them for commissions on notes that are not paid within 60 days after maturity. Defendant states that substantially all of said policies issued through said agency or the predecessor of the plaintiff, H. A. Bragg, were canceled out at the direction of this defendant on or about the 19th day of November, 1926, pursuant to the instructions of this defendant contained in a certain letter addressed and sent by defendant to said plaintiff, a copy of which is hereto attached, marked 'Exhibit 5,' and made a part hereof. That instead of canceling said policies by giving the five days' notice thereof, as provided in the respective policies so canceled, this defendant, for the purpose of accommodating the plaintiff and to enable him to place the insurance represented by said policies in some other company or companies, that he then represented, requested plaintiff to procure their cancellation within four months,

and as this defendant is informed and so states, taking advantage of the courtesy so extended him, the said plaintiff did rewrite said insurance in another company or companies that he then represented for full terms, thus gaining for himself additional commissions as a result of said transaction.

"(5) That upon the cancellation of the policies hereinbefore referred to, there became due said respective assureds a total cash return premium of $1,142.07, of which amount this defendant paid direct to the assureds on certain of said policies the sum of $63.95, and defendant gave said plaintiff credit on his account with this defendant for the remainder of said cash return premiums amounting to $1,078.12. That this defendant had advanced to said plaintiff and his associate, Jim Burns, and to their predecessor in said agency, H. A. Bragg, the entire commissions on said policies at the time of their issuance; that is, said plaintiff and his associate, Jim Burns, on the policies that they issued, and their said predecessor, H. A. Bragg, on the policies he had issued, retained unto themselves the entire initial cash payment of one-fifth of the amount of premium on each of the policies so issued by them, being a commission on five-year policies; that upon the cancellation of said policies there became due this defendant from said plaintiff and the said Jim Burns, return commissions aggregating $514.63, over and above the amount of the credit given by this defendant to said plaintiff and the said Jim Burns of $1,078.12, as aforesaid; that other items of charges and credits resulting from the operation of said agency from May, 1926, to May, 1927, brings the total agency balance due this defendant from said plaintiff to $605.88. That a full, correct, itemized, and verified statement of said agency account showing the balance due of $605.88 is hereto attached, marked 'exhibit 6,' and made a part hereof.

"(6) Defendant further alleges and states that signing said agency bonds, marked 'Exhibits 3 and 4,' respectively, with the said plaintiff, were Jim Burns, who signed said bonds as one of the principal makers thereof, and B. B. Burns and A. J. Beardain, who signed same as sureties thereon. That under the terms and provisions of said bonds, the makers thereof hold themselves jointly and severally bound by the terms and provisions thereof. That said bonds were so executed as separate instruments for the purpose that the one referred to as 'Exhibit 3,' would cover soliciting by the said plaintiff and his said associate Jim Burns of so-called 'farm insurance': that is, insurance covering against loss by fire, lightning, cyclone, and tornado, barns, farmhouses, and other property situated upon farms. * * * That said bonds were conditioned among other things that if the said principals thereon, including the plaintiff herein, shall in all respects faithfully fulfill the agreements with this de-

fendant, and carry out and observe the instructions given by it and shall duly and properly account for and pay over to said defendant all premiums, premium notes and proceeds of such notes coming into his or her hands on or for policies of insurance, and shall pay back to said defendant the commissions or fees advanced to him or them on all notes which were not paid at maturity; and shall also refund to the said defendant on the premiums returned under canceled policies; then said obligations to be void, otherwise to remain in full force and effect.

"(7)   * * *  This defendant alleges and states that under the terms and provisions of said bonds as aforesaid, the said plaintiff, E. W. Capps, Jim Burns, B. B. Burns and A. J. Beardain, held themselves jointly and severally liable for the indebtedness claimed by this defendant against them, as aforesaid. That said soliciting agency bond covering the writing of farm business as aforesaid, and marked 'Exhibit 3,' further provides that the signers thereof shall reimburse the defendant for all extra expenses occasioned by any delinquency or failure to comply with the conditions thereof, and this defendant alleges and states that said plaintiff and his said associate Jim Burns have breached and violated the terms and conditions thereof as aforesaid, and wholly fail and refuse to comply with the conditions thereof, and that by reason thereof this defendant has necessarily expended the sum of $50 in its efforts to collect said agency balance, and has employed attorneys to defend this action and to prosecute this cross-petition herein and will thereby be put to an additional expense of $100 attorney's fee for its attorneys in the premises.

"Wherefore, said defendant prays that the plaintiff take nothing herein as against this defendant; that Jim Burns, B. B. Burns, and A. J. Beardain be made parties defendant herein, and that process be ordered served upon the said Jim Burns, B. B. Burns, and A. J. Beardain, and that upon the trial of this case, this defendant be given judgment against said plaintiff, E. W. Capps, and against said Jim Burns, B. B. Burns, and A. J. Beardain, in the sum of $605.88, together with interest thereon at six per cent. per annum from the date of the filing of this action, the further sum of $50 expenses, as provided in said solicitor's bond hereinbefore referred to, $100 attorney's fee, and the costs of this action."

At the conclusion of the hearing on December 5, 1928, the trial court rendered the following judgment:

"Judgment of Court.

"Be it remembered, that on this 4th day of December, 1928, the same being one of the regular judicial days of the December, 1928, term of the district court of Kiowa county, Okla., and that being the day upon which this cause stood for trial on the dockets of said court, said cause comes on for trial. The plaintiff, E. W. Capps, appeared by his attorney, Clayton Carder, and the defendant Jim Burns appeared by his attorney, Clayton Carder, and the defendant Insurance Company of North America, a corporation, appeared by its attorneys, Rittenhouse, Lee, Webster & Rittenhouse. The defendant Insurance Company of North America filed its motion for judgment on the pleadings, whereupon the parties agreed and filed in said cause a stipulation to be considered by the court in passing upon said motion for judgment on the pleadings. Thereupon the parties presented said motion and stipulation, and the court after hearing same finds that said motion should be sustained and that judgment should be entered in said cause in favor of the defendant Insurance Company of North America, a corporation, and against the plaintiff, E. W. Capps, and against the defendants Jim Burns, B. B. Burns, and A. J. Beardain, in the sum of $605.88, with interest at six per cent. per annum from September 8, 1927, $50 expenses, and $100 attorneys' fees, and the costs of this action.

"It is, therefore, considered, ordered, and adjudged by the court that the motion of the defendant Insurance Company of North America, a corporation, be and the same is hereby sustained, to which ruling of the court the plaintiff and the defendants Jim Burns, B. B. Burns, and A. J. Beardain, except and their exceptions are by the court allowed.

"It is further considered, ordered, and adjudged by the court, that the defendant Insurance Company of North America, a corporation, do have and recover of and from plaintiff, E. W. Capps, and the defendants Jim Burns, B. B. Burns, and A. J. Beardain, and each of them, the sum of $605.88, with interest at six per cent. per annum from the 8th day of September, 1927, $50 as expenses, and $100 as attorneys' fees, and the costs of this suit, for all of which let execution issue. To all of which exceptions are allowed and saved.

"Thereupon, the plaintiff and said defendants in open court give notice of their intention to appeal to the Supreme Court of the state of Oklahoma, which notice of appeal is ordered spread upon the proper records of said court and are duly entered by the court clerk."

From which judgment the plaintiff, E. W. Capps, and the defendants Jim Burns, B. B. Burns, and A. J. Beardain, have appealed by transcript of the record and petition in error. Parties will be referred to as they appeared in the court below.

The entire record in this case consists of

documentary evidence only; no oral testimony having been adduced by either party.

It will be remembered, when this case was called for trial, defendant Insurance Company of North America interposed a motion for judgment on the pleadings, supra, after which the parties litigant entered into a stipulation and agreement by the terms of which said case was to be submitted to the court for consideration and judgment based upon the terms of the stipulation therein expressed.

The parties to this action having stipulated and agreed as to the facts, upon which plaintiff bases his right to recover, said facts, as enumerated in said stipulation and agreement in law, are admitted by the defendant, so the plaintiff is not required to offer any testimony in support thereof. Nor is it necessary for this court to determine the facts admitted.

### Judgment on Pleadings.

"In determining the right of the party to a judgment on the pleadings, the real question to be determined is the sufficiency of the admitted facts to warrant the judgment rendered and the materiality of those upon which issue is joined. * * * " 15 R. C. L. 579.

"A defendant moving for judgment on the pleadings admits the allegation of the complaint and of the affirmative averments of the reply considered together, and, therefore, in determining plaintiff's right to recover, there is no necessity for proof." Fishburne v. Merchants' Bank of Port Townsend (Wash.) 85 P. 38.

"Where, on a motion for judgment on the pleadings, no application to amend is disclosed, it must be presumed on appeal that the party stood on his pleadings as originally filed." Id.

The character of the account stated and the authenticity of the bonds and commission agreement having been admitted, there remains only law questions for our determination.

Defendant Insurance Company of North America in its answer and cross-petition alleges and says:

### "Answer and Cross-Petition.

"(4) * * * That during the time and period of agency of the said plaintiff and the said Jim Burns, and his predecessor, H. A. Bragg, for this plaintiff under and by virtue of said appointment, solicitor's agreement and agency bond, that said plaintiff and his associate, Jim Burns, and their predecessor in said agency, to wit: H. A. Bragg, wrote various and sundry policies of insurance upon what is known as the premium note basis; that is, that said policies were written for a five-year term, one-fifth of the premium on which policies was payable in advance, and four-fifths of which was divided into four equal annual installments, represented by a premium promissory note executed by the respective assureds procuring said policies. That under the terms and provisions of the solicitor's agreement, a copy of which is hereto attached, marked 'Exhibit 1,' and made a part hereof, it is provided that the said E. W. Capps, plaintiff herein, and his associate, Jim Burns, agree to return to this defendant all unearned commissions on return premiums on policies canceled, either by request of insured or order of this defendant, whether said policies cover upon business secured by the said E. W. Capps and Jim Burns, or by their predecessor, H. A. Bragg, and agree to pay back to this defendant all advances made to them for commissions on notes that are not paid within 60 days after maturity. Defendant states that substantially all of said policies issued through said agency or the predecessor of plaintiff, H. A. Bragg, were canceled out at the direction of this defendant on or about the 19th day of November, 1926, pursuant to the instructions of this defendant. * * *

"(5) That upon the cancellation of the policies hereinbefore referred to, there became due said respective assureds a total cash return premium of $1,142.07, of which amount this defendant paid direct to the assureds on certain of said policies the sum of $63.95, and defendant gave said plaintiff credit on his account with this defendant for the remainder of said cash return premiums amounting to $1,078.12. That this defendant had advanced to said plaintiff and his associate, Jim Burns, and to their predecessor in said agency, H. A. Bragg, the entire commissions on said policies at the time of their issuance; that is, said plaintiff and his associate, Jim Burns, on the policies that they issued, and their said predecessor, H. A. Bragg, on the policies he had issued, retained unto themselves the entire initial cash payment of one-fifth of the amount of premium on each of the policies so issued by them, being a commission on five-year policies; that upon the cancellation of said policies there became due this defendant from said plaintiff, and the said Jim Burns, return commissions aggregating $514.63, over and above the amount of the credit given by this defendant to said plaintiff and the said Jim Burns of $1,078.12, as aforesaid; that other items of charges and credits resulting from the operation of said agency from May, 1926, to May, 1927, brings the total agency balance due this defendant from said plaintiff to $605.88. That a full, correct, itemized and verified statement of said agency account showing the balance due of $605.88 is hereto attached, marked 'Exhibit 6,' and made a part hereof. * * *"

The record in the case shows that:

"For some years prior to the year 1926, one H. A. Bragg was the representative of the defendant as its policy writing agent at Mountain Park, Okla., and vicinity, and about January 12, 1926, said Bragg sold his agency and business to the plaintiff in error, E. W. Capps, and defendant in error, Jim Burns." (Brief, p. 2.)

A short time after plaintiff et al. purchased the Bragg insurance business, they (Capps and Burns) were appointed insurance agents or solicitors of defendant. The said appointment is in writing and denominated "Solicitor's Agreement" marked defendant's "Exhibit L" (R. 33). Said agreement reads in part:

### "Solicitor's Agreement.

'Having been recommended to the Insurance Company of North America to represent it as a solicitor, I hereby agree, in the event of my appointment to observe the following rules of the company and to faithfully and promptly carry them out. * * *

"(6) That I will not accept notes from parties who are 'slow pay' or irresponsible, and will use my best endeavors to secure the prompt payment to the company of all notes. * * *

"(7) That if any note is not paid at maturity, I will, if instructed so to do, attend to the collection of said note without expense to the company.

"(8) That I will return to the company all unearned commissions on return premiums on policies canceled either by request of insured or order of the company, whether said policies cover upon business secured by me or by my predecessor in this district, and I will pay back to the company all advances made to me for commissions on notes that are not paid within 60 days after maturity; and it is understood and agreed that in order to acquire the right to charge back advance commissions on delinquent notes the company shall not be required to sue the maker of such notes. In case of recovery of amount of note by suit against the maker, I agree that I am to bear the actual expense incurred, if any, not exceeding ten per cent. (10%) of amount of note and the balance of the charge back shall then be credited by the company to my account."

Paragraph No. 11 of said solicitor's agreement reads in part:

"(11) * * * I also agree to faithfully and promptly obey any future orders and instructions said company may give me through its officers, or the general agent of its western district, or through any of the company's state or special agents or by any other person, duly authorized by the company."

The defendant files, as part of its answer and cross-petition, a verified statement of account between plaintiff and defendant as shown by defendant's books, which account is admitted by plaintiff as true.

In addition to the execution of the solicitor's agreement, supra, plaintiff and defendant Jim Burns, as principals, and A. J. Beardain and Bryan B. Burns, as sureties, executed a soliciting agency bond by the terms of which said sureties obligated themselves that said principals, Capps and Jim Burns, would faithfully and fully carry out all agreements entered into by and between the said Capps and Jim Burns and the defendant insurance company. Said soliciting agency bond is in writing, marked "Exhibit 3," and made a part of defendant's answer and cross-petition (R. 39). Said bond, omitting the formal parts, reads in part as follows:

### "Soliciting Agency Bond.

"Conditions: Now, therefore, the condition of this obligation is such that if the said principals shall in all respects faithfully fulfill the agreements with the said company, as well as observe and carry out the instructions which may be given to him or them, either through its own officers or through the manager of the western department, state or special agents, and shall duly and properly account for and pay over to the said company all premiums, premium notes, and proceeds of such notes, coming into his or their hands on or for policies of insurance, and shall pay back to the said company the commissions and fees advanced to him or them by the said company, on all notes which are not paid at maturity; and shall also refund to the said company the unearned commissions on the premiums returned under canceled policies; * * * and shall in all respects well and faithfully discharge and perform his or their duties as such soliciting agent; * * * then this obligation to be void, otherwise to remain in full force and virtue.

"The said sureties. waiving notice (as to the time the same shall be given) of any failure on the part of said soliciting agents to faithfully perform any of the duties or obligations aforesaid."

In addition to the execution of the solicitor's agreement, supra, and agency bond, supra, plaintiff, Capps, and Jim Burns, acting as agents of defendants under the firm name of E. W. Capps, Insurance & Loans, executed a second bond designated as agency bond. Said bond is designated as defendant's "Exhibit No. 2," made a part of defendant's answer and cross-petition, and reads in part as follows (R. 43):

"Agency Bond.

"Know All Men By These Presents:

"That E. W. Capps and Jim Burns (acting as agents under the firm name of E. W. Capps Insurance and Loans) of Mountain Park, county of Kiowa, and state of Oklahoma, as surety, are held and firmly bound unto the Insurance Company of North America, of Philadelphia, Pa., in the sum of One Thousand and no/100 dollars, to be paid unto the Insurance Company of North America, to which payment well and truly to be made, we jointly and severally bind ourselves, our heirs, executors, and administrators firmly by these presents.

"Sealed with our seals and subscribed at Mountain Park, Okla., this 12th day of January, 1926.

"The condition of this obligation is such that, whereas the above named E. W. Capps and Jim Burns have been duly appointed agents of the Insurance Company of North America for the city or town of Mountain Park, Kiowa county and state aforesaid, and will, by virtue of such appointment, receive from time to time divers sums of money and other property belonging to the said Insurance Company of North America, which are to be duly accounted for, paid, or delivered to the Insurance Company of North America, according to the instructions, rules, and regulations given by said company through its own officers or through the general agent of its western department or its state or special agents:

"Now, therefore, if the said agents, E. W. Capps and Jim Burns, shall well and truly perform all and singular the various duties pertaining to the position of trust created by said appointment, including the prompt payment of all money received for premiums, and the repayment of commission on all unearned remiums on policies canceled or rebated for any cause, and safely keep and deliver up, on demand, all other property as aforesaid, in accordance with said instructions, rules, and regulations, and shall reimburse the Insurance Company of North America for all extra expense occasioned by any delinquency or failure to comply with the foregoing conditions, then this obligation shall be null and void, otherwise remain in full force and virtue. The said surety waiving notice (as to the time the same shall be given) of any failure on the part of the said agent to faithfully perform any of the duties or obligations aforesaid."

Plaintiff brings this action to recover money for services rendered. The solicitor's agreement, soliciting agency bond, and agency bond executed by plaintiff contain and enumerate the character of services to be performed by plaintiff. Plaintiff claims that defendant is indebted to him for procuring the cancellation of various insurance policies.

Paragraph No. 6 of solicitor's agreement provides:

"I (plaintiff agent), will not accept notes from parties who are 'slow pay' or 'irresponsible,' and will use my best endeavors to secure the prompt payment to the company of all notes."

The above provision clearly provides and indicates that notes may be taken for premiums due on or for insurance policies being or having been written by the agent. Paragraph No. 7 of said contract provides:

"If any note is not paid at maturity, I will, if instructed so to do, attend to the cancellation of said note without expense to the company."

The above provision provides and clearly indicates, when notes are taken by agents for premiums due on policies issued and the notes are not paid at maturity, the agent will proceed to collect the same without expense to the company. Paragraph No. 8 of said contract provides:

"I (agent) will return to the company all unearned commissions on return premiums, on policies canceled. * * *"

The above provision provides and indicates that certain policies will be canceled and that all unearned commissions received by the agent shall be returned to the company. Paragraph No. 8 also provides:

"I (agent) will pay back to the company all advances made to me for commission on notes that are not paid within 60 days after maturity. * * *"

The above provision provides and indicates that the defendant company will advance to agent commissions due the agent on policies issued for which premium notes have been taken, and if the notes have not been paid as provided by contract, and the commissions have been advanced to the agent, the agent agrees to return the commission so paid to the company.

We think, and hold: When the agency contract and bonds executed by plaintiff are considered together and fairly interpreted they clearly mean that it is the duty of the agent to cancel certain policies such as are required by the contract, when so ordered by the company, and to do all things necessary such as are required by the contract looking to the cancellation of said policies, and that said obligations on the part of the agent must be discharged by the agent without expense to the company.

It will serve no good purpose to further analyze or interpret the contract in question. We think the contract is fairly clear and unambiguous.

"Defendants also contend that an appeal will not lie from a judgment rendered by consent of parties as upon an agreed statement of facts."

Having given much time and attention to the interpretation and analysis of the contract in question, and having based our opinion on what we believe to be a fair and reasonable interpretation of said contract, we will not discuss the defendant's above and foregoing contention.

### Finding of Facts.

The plaintiff admits the execution of the above and foregoing solicitor's agreement.

The contract of employment specifically provides: That plaintiff will endeavor to secure prompt payment to the company of all notes; that if any note is not paid at maturity, he will attend to the collection of said notes without expense to the company; that he will return to the company all unearned commissions on return premiums on policies canceled and will pay back to the company all advances made to him for commission on notes that are not paid within 60 days after maturity. The record further shows that plaintiffs and their predecessor did accept many promissory notes in payment of premiums on policies issued by them; that many of said notes were never paid when they became due; that the company directed plaintiff to cancel all policies for which notes had been taken for premiums and not paid at maturity; that upon the cancellation of said policies there became due to the assureds a total cash return premium of $1,142.07, of which amount this defendant paid direct to the assureds $65.95 and this defendant gave plaintiff credit on his account with the defendant for the remainder of said return premiums amounting to $1,078.12. The record further shows that the defendant had advanced to the plaintiffs and their predecessors the entire commission on said policies so canceled.

The record further shows that plaintiff and their predecessor retained unto themselves the entire initial cash payment of one-fifth of the amount of premiums on each of the policies so issued by them and later canceled by order of the company; that upon the cancellation of said policies there became due this defendant from said plaintiffs the sum of $514.63 over and above the credit given plaintiff of $1,072.12 heretofore mentioned, and that, in addition to the $514.68, together with other items and charges resulting from the operation of said agency, the plaintiff is in debt to defendant in the sum of $605.88. (Exhibit No. 6, Record.)

We further find from the record in the instant case that the surety bonds executed by E. W. Capps and Jim Burns, as principals, and B. B. Burns and A. J. Beardain, as sureties, are regular in all respects and are binding obligations upon B. B. Burns and A. J. Beardain as sureties.

### Conclusion.

The trial court rendered judgment for defendant in error Insurance Company of North America on an agreed statement of facts, in the sum of $605.88. Finding no error on the part of the trial court, the judgment is affirmed.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.