## SPRINGFIELD FIRE & MARINE INS. CO. v. DOUGLAS et al.

No. 25566.     Oct. 8, 1935.

Rittenhouse, Webster & Rittenhouse and Walter D. Hanson, for plaintiff in error.

Chapman & Chapman, for defendants in error.

RILEY, J.     There is involved here the question of liability of Oles I. Clouse, surety on the insurance agency bond of Tom Douglas.

The plaintiff in error, hereinafter designated the insurance company, secured a judgment below in the sum of $367.60, interest, attorney fees, and costs, based on an instructed verdict against Tom Douglas, principal on the bond forming the basis of this action.

A judgment based on an instructed verdict was rendered favorable to Oles I. Clouse, surety on the insurance agency bond of Tom Douglas. From the latter judgment the insurance company appeals. The liability of the principal, Tom Douglas, has become final and a verity. The general rule is that a surety is liable for a like amount and to the same extent as the principal, unless the obligee violates some provision of the bond or commits some act whereby the surety's rights are prejudiced.

Clouse contended as a defense that it was the duty of the insurance company, upon the default of the agent, Tom Douglas, to pay premiums collected, to immediately cancel the agency contract, require an accounting and cancel policies issued by Douglas upon which premiums had not been paid to the insurance company, and that the failure or neglect of the insurance company to do so relieved and discharged the surety from liability on the bond.

The theory or purported defense is in conflict with the plain terms of the bond. The bond not only provided that the principal should pay over to the insurance company all moneys, securities, and sums due for premiums on policies of insurance during or at the termination of the agency of Douglas, but by its terms the sureties waived notice of breach of the conditions of the bond by the principal, and it was provided thereby that knowledge of such breach by the insurance company would not relieve the sureties of liability. Likewise, it was specified that the agency might be continued after such a breach or the insurance company might elect to take from the agency any security or close accounts, etc., without affecting liability of surety on the bond. Watkins Co. v. Pruitt, 130 Okla. 231, 266 P. 770; Vogel Bros. & Co. v. Bastin, 84 Okla. 273, 203 P. 219.

The obligation of the surety was not conditional, but absolute.

No act of connivance or gross negligence amounting to a fraud as against the rights of the surety was alleged or relied upon or established by the evidence to relieve the surety from his liability, but the conduct of the insurance company, in its effort to overcome the mere negligent and dilatory acts of the agent by which default in payment resulted, seems to have been as contemplated by the terms of the bond by which the surety was bound. Star Ins. Co. v. Carey (Kan.) 267 P. 990; Southern Surety Co. v. McMillian Co. (10 C. C. A.) 58 F. (2d) 541.

In the last-cited case the rule was followed that a surety's liability on bond for performance of contract was not terminated by obligee's failure to notify surety of principal's default within the time specified in a bond in the absence of prejudice. Herein such notice was waived.

Neither the fact that Tom Douglas assigned the agency to another with provision for its operation for benefit of creditors nor the fact of a subsequent sale of the agency relieves the surety, for there is nothing in the record to show that the rights of the surety were prejudiced thereby. Osage O. & R. Co. v. Dickason-Goodman Lbr. Co., 106 Okla. 119, 231 P. 475; National Union Fire Ins. Co. v. McDonald, 120 Okla. 226, 253 P. 273; Capps v. Ins. Co. of N. A., 153 Okla. 38, 6 P. (2d) 1041.

The judgment is reversed and the cause remanded, with directions to render judgment in favor of the insurance company and against the surety, Oles I. Clouse, according to the motion for an instructed verdict.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.