## CLARK v. HARTFORD ACCIDENT & INDEMNITY CO.

No. 26828. March 16, 1937.

Rehearing Denied April 6, 1937.

Beets, Zeman & Beets, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county. The action was instituted by Hartford Accident & Indemnity Company, defendant in error here, against Arthur Burkett and C. S. Clark, plaintiff in error here, to enforce liability on a fidelity bond. We will hereafter refer to the parties in the order of their appearances in the trial court. There is no material dispute regarding the facts. On October 23, 1930, Arthur Burkett, as principal, and C. S. Clark, as surety, executed and delivered to the plaintiff a bond conditioned upon the faithful discharge by said principal of the duties and obligations of a soliciting and underwriting agent wherein it was provided, among other things, that he would faithfully account, pay over, surrender and deliver to the plaintiff all moneys, documents, and other property, including any indebtedness incurred by said principal to the plaintiff, whether under the terms of his agency agreement or otherwise. Therein it was further expressly provided that the suretyship should cover and apply to the whole period of such agency under whatever agreements expressed, implied, altered, renewed or extended until all transactions and accounts had been finally adjusted and settled.

The said Arthur Burkett also had a written agency agreement with the plaintiff whereunder he was required, before the 5th day of every month, to file with the plaintiff a report of all premiums written by or through his agency during the preceding month and to remit in settlement thereof within 45 days thereafter; that the said principal never made but one remittance during the term of his agency although repeatedly dunned by the plaintiff; that during the latter part of April, 1931, the plaintiff learned from outside sources that the said Burkett was having difficulty with other companies, and thereupon had an audit made of his accounts on April 27, 1931, and found that he had misappropriated certain moneys which he had collected, and thereupon terminated his agency and gave notice thereof to the defendant Clark and demanded payment of the shortage. Upon refusal to make such

payment this suit was brought. The defendant Arthur Burkett permitted judgment to go against him by default. C. S. Clark defended the action on the ground that plaintiff, after knowledge of the fact that Burkett was in default in remitting premiums collected, had continued him in its employ without notifying the defendant surety of such default, and that by reason thereof it was exonerated and discharged from liability. There was no proof of any actual knowledge by the plaintiff of any acts of embezzlement or misappropriation of funds by Burkett prior to the audit of April 27, 1931, but defendant contends that failure of Burkett to comply with the provisions of his agency contract gave the plaintiff such notice. The plaintiff over the objection of the defendant introduced evidence to show the policy of the Oklahoma City office in handling agent's accounts and to explain the manner in which the particular account herein involved was handled. At the close of all of the evidence the trial court directed a verdict in favor of the plaintiff for the amount sued for less certain subsequently admitted credits. The defendant C. S. Clark appeals and in his brief presents two contentions. The first of these is that since under the agency contract Burkett was required to report all premiums monthly and to remit therefor within 45 days thereafter, any evidence regarding the policy of the Oklahoma City office in handling agent's accounts was incompetent and its admission improper. We cannot agree. The failure of Burkett to comply with the terms of his agency contract constituted a breach of a contractual obligation and a mere forbearance on the part of the plaintiff to enforce the terms of the contract would not affect the defendant's liability. Vogel Bros. & Co. v. Bastin, 84 Okla. 273, 203 P. 219; Lancashire Co. v. Callahan (Minn.) 71 S. W. 261. The evidence was competent to explain forbearance of the plaintiff.

The next contention of defendant is that of error in directing a verdict in favor of plaintiff. This is the vital question involved in this appeal. The defendant cites and relies upon Phoenix Ins. Co. v. Newell, 60 Okla. 207, 159 P. 1127; Great Southern Life Ins. Co. v. Long, 93 Okla. 129, 219 P. 926, and J. R. Watkins Co. v. Jennings, 131 Okla. 295, 269 P. 265, as supporting his contention in this respect. We are of the opinion, however, that the above cases will not bear the interpretation which the defendant seeks to place thereon. In the case of J. R. Watkins Co. v. Jennings, supra, it is said:

"As a general rule, a surety is bound to perform the obligation of its principal, and cannot complain when the creditor does not notify him of the default of his principal, or of the state of the accounts between himself and the principal, for whom the surety is liable. Mere inaction of the creditor will not discharge the surety, and the fact that the principal is delinquent in payments of sums due does not affect the liability of a surety. But this rule does not apply where there is a question of moral turpitude involved, or where the principal is guilty of conduct indicating dishonesty, or bad faith, or utter unfitness for trust, after the knowledge of such conduct has come to the obligee's attention. 21 R. C. L. pp. 1071-72, sec. 111; Phoenix Fire Ins. Co. v. Newell, 60 Okla. 207, 159 P. 1127; Screwman's Ben. Ass'n v. Smith (Tex.) 7 S. W. 793."

Under the agency contract in the case at bar, the principal in the bond sued upon was required to report premiums written by him or through his agency and to remit in settlement therein within 45 days thereafter. He was not required to collect for such premiums at the time the policies were issued or prior to making such remittances. In the Phoenix Fire Ins. Co. v. Newell and Great Southern Life Ins. Co. v Long Cases, supra, it will be noted that the issuance of the policies therein presupposed the collection of premiums and a failure to remit constituted immediate notice of dereliction on the part of the agent of a very serious nature. The agents in those cases were not permitted to extend credit and to assume liability for the premiums, a condition just exactly reverse to that prevailing here. Therefore, the rule in the above cases has no application in the instant case. The situation here is more nearly analogous to that presented in the case of Springfield Fire & Marine Ins. Co. v. Douglas, 174 Okla. 125, 49 P. (2d) 1073, wherein this court said:

"Since it is the duty of the surety, as well as the principal, to see to the payment of money under provisions of an insurance agent's fidelity bond, the mere forbearance of the obligee as contemplated by the terms of the bond does not release the surety from liability."

Since there was no question of fact raised by the evidence which could have been properly submitted to the jury, and the evidence amply supports the plaintiff's claim, it was not error to direct a verdict for the plaintiff. Johnson v. State Bank of Commerce, 123 Okla. 127, 252 P. 59.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.