## CLARK v. HARTFORD FIRE INS. CO.

No. 26829. April 27, 1937.

Rehearing Denied July 13, 1937.

Beets, Zeman & Beets, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county. The action was instituted by Hartford Fire Insurance Company, hereinafter referred to as plaintiff, against Arthur Burkett, J. Paul Tedford, and C. S. Clark, hereinafter referred to as defendant, to enforce liability on an insurance agent's fidelity bond. Arthur Burkett and J. Paul Tedford permitted judgment to go against them by default. The trial court directed a verdict in favor of plaintiff and against the defendant C. S. Clark, and he appeals. The propriety of the directed verdict is the sole question presented by this appeal.

The facts are not in serious dispute. Arthur Burkett, as principal, and C. S. Clark and J. Paul Tedford, as sureties, executed and delivered to the plaintiff a

bond conditioned upon the discharge by said principal of the duties and obligations of a soliciting and underwriting agent. This bond provided, among other things, that the principal would duly and punctually account for, pay over, and properly apply all premium moneys due and payable upon and by the terms of the policies issued by said agent, whether at that time collected by the agent or not, and all other sums of money which might come to him as such agent. The bond contained a further covenant whereby the sureties expressly waived notice of any default on the part of the principal. This bond was dated October 2, 1929, and was delivered to the plaintiff about January 14, 1930, at which time Arthur Burkett was appointed as agent and assumed active duties as such. Thereunder Burkett wrote a large number of policies and collected considerable sums in the form of premiums. It appears that Burkett was slow in making his remittances, and that the issuing power of his agency was suspended from June 26, 1930, until July 5, 1930, at which time it was restored after he had paid up his past-due balances. In the trial in the court below the amount due the plaintiff was not seriously contested. The theory of defense on the part of the defendant C. S. Clark was twofold: First, that since the bond had been executed on October 2, 1929, and Burkett had not been appointed agent until January 14, 1930, no liability had attached thereunder; and, second, that if liability had attached under said bond, it had been discharged by the continued employment of the principal by the plaintiff after it was aware that he had become delinquent in his accounts. The only authority which defendant cites in support of his first theory has to do with the requirement that the court shall submit to the jury under proper instructions all material issues of fact which go to the plaintiff's right to recover or the defense interposed, and a citation from 50 C. J. 78, 79, relating to the position of gratuitous surety under the law. In our opinion these authorities have no application, since the defendant admitted that he had signed the bond in anticipation of the appointment of Arthur Burkett, and it was admitted that Burkett was appointed as such agent upon reliance of the bond as executed. Under these circumstances, the date of the bond presented no material question of fact for submission to the jury. In urging the second theory, the defendant makes substantially the same argument and cites

and relies upon the same authorities as he did in the case of Clark v. Hartford Accident Indemnity Co., 179 Okla. 530, 66 P. (2d) 942. What was therein said in this connection applies with even greater force to the situation presented in the case at bar. By the terms of the bond here involved, the parties recognized the fact that the relation of debtor and creditor between the principal and the plaintiff would arise, and by the instrument it was further expressly provided that the sureties waived notice of any default by their principal. Under the terms of the bond it was provided that the principal would become liable for the premiums and would pay whether he collected or not. Clearly, a contractual relation between the principal in the bond and the obligee therein which presents a situation discussed and covered in the case of Springfield Fire & Marine Ins. Co. v. Douglas, 174 Okla. 125, 49 P. (2d) 1073, wherein this court said:

"Since it is the duty of the surety, as well as the principal, to see to the payment of money under the provisions of an insurance agent's fidelity bond, the mere forbearance of the obligee as contemplated by the terms of the bond does not release the surety from liability."

A verdict for the plaintiff is properly directed when the evidence clearly shows that he is entitled to recover and there is no sufficient evidence to justify a verdict for the defendant. Stuart v. First National Bank, 174 Okla. 292, 50 P. (2d) 297.

A careful examination of the record discloses the fact that such situation existed in this case, and that therefore the action of the trial court is without error.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. HURST, J., dissents. BUSBY, J., absent.